[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14394
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01245-CV-ORL-31-GJK

KOLIN GARCIA,
an individual,

                                                          Plaintiff-Appellant,

versus

DS WATERS OF AMERICA, INC.,
a Delaware Corporation,
d.b.a. Crystal Springs,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(April 12, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kolin Garcia appeals the district court's grant of summary judgment in favor

of his former employer, DS Waters of America, Inc. ("DS Waters"), on Garcia's claims of race and national origin discrimination (Hispanic and Cuban-American) in violation of 42 U.S.C. § 1981.[1] Garcia argues that the legitimate, non-discriminatory reasons proffered by DS Waters' were a pretext because: (1) the basis for firing Garcia repeatedly changed after his termination; (2) Garcia's supervisor, Charles Fogg, fabricated some of Garcia's alleged performance problems; (3) Garcia's missing some deadlines was only a minor issue; (4) Garcia's performance reviews indicated that he never fell below a "meets expectations," standard, and he always received a full bonus after each review; (5) there is some evidence that Garcia never lost the respect of his subordinates; and (6) Fogg had a racial animus towards Garcia. Upon review of the record and the parties' briefs, we affirm.

"We review the district court's grant of summary judgment *de novo*, viewing the record and drawing all inferences in favor of the non-moving party." *Fisher v. State Mut. Ins. Co.*, 290 F.3d 1256, 1259–60 (11th Cir. 2002). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any

---

[1]We note that Garcia also raised a harassment claim before the district court. However, Garcia does not raise this claim on appeal, and it is, therefore, waived. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed).

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party moving for summary judgment has the burden of showing that there is no genuine issue of fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (per curiam) (citation omitted).

Section 1981 prohibits the impairment of contracts on the basis of race. 42 U.S.C. § 1981. Discrimination claims brought under Section 1981 "have the same requirements of proof and [use] the same analytical framework" as those brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). *Springer v. Convergys Customer Mgmt. Group*, 509 F.3d 1344, 1347 n. 1 (11th Cir. 2007) (citation omitted). When reviewing discrimination claims that are supported by circumstantial evidence, we employ a three-step burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792, 93 S. Ct. 1817 (1973); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).

Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of discrimination. 411 U.S. at 802, 93 S. Ct. at 1824. If the plaintiff is able to establish a *prima facie* case of discrimination, the employer must articulate a legitimate, nondiscriminatory reason for the challenged employment

action.  *Id.* at 802–03, S. Ct. at 1824.  If the employer articulates one or more such reasons, the plaintiff has the opportunity to come forward with evidence to establish that the employer's articulated reasons are merely pretexts for discrimination.  *Id.* at 804, 93 S. Ct. at 1825.

To show pretext, and "[p]rovided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason."  *Chapman*, 229 F.3d at 1030.  If the employer proffers more than one legitimate, non-discriminatory reason, the plaintiff must rebut *each* of the reasons to survive a motion for summary judgment.  *Id.* at 1037.  A legitimate non-discriminatory reason proffered by the employer is not a "pretext for discrimination unless it is shown *both* that the reason was false *and* that discrimination was the real reason."  *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993) (citation omitted).

After review of the record, we are unpersuaded by Garcia's arguments. Garcia has failed to rebut at least two of the legitimate non-discriminatory reasons that DS Waters has articulated for firing him.  First, with regard to his low sales figures, Garcia admitted in his deposition that he had missed company benchmarks for the acquisition of new customers and that his sales figures were indeed low.

4

Second, with regard to his poor performance, Garcia admitted during his deposition that he (1) missed deadlines, (2) forgot to do certain tasks, (3) lacked attention to detail, (4) did not plan adequately, and (5) joked around too much and failed to take a leadership role in management meetings. Because Garcia has admitted in his deposition that at least two of the legitimate non-discriminatory reasons for firing him were accurate, he has failed to rebut DS Waters' non-discriminatory reasons. *See Hicks*, 509 U.S. at 515, 113 S. Ct. at 2752.

Similarly, we find no merit to Garcia's argument that DS Waters' reasons for firing him changed with time. The record indicates that Garcia was advised of his performance issues on numerous occasions long before he was fired. Moreover, Garcia's contention is misplaced because the record further indicates that, due to his low sales numbers, Garcia was placed on a recovery plan five months before he was fired. Garcia's other major argument, that Fogg fabricated reasons for firing him, is groundless because Garcia admitted in his deposition that at least some of the legitimate non-discriminatory reasons given for firing him were also accurate. Moreover, we find Garcia's remaining arguments as to pretext unpersuasive.

Based on Garcia's admissions and the deficiencies in his pretext argument, we find that Garcia has failed to show that DS Waters' stated reasons for his

5

termination were false and that discrimination was the real reason for the adverse employment action. Accordingly, we conclude that the district court did not err in granting DS Waters summary judgment on Garcia's discrimination claim, and we affirm.

**AFFIRMED.**