[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16483
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-23078-CV-ASG

LEEROY SEALEY,
Real Party in Interest,

Plaintiff-Appellant,

versus

WARDEN JORGE PASTRANA,et al.,
S.C. BITHER,
CYRIL,
JUAN MONSERRATE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 12, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

LeeRoy Sealey, a federal prisoner proceeding *pro se*, appeals the district court's order entering summary judgment in favor of several prison officials in his *Bivens*[1] action alleging retaliation and deliberate indifference to his serious medical needs.[2] Sealey filed the instant complaint against four employees of the Federal Correctional Institution in Miami, Florida ("FCI Miami"): Warden Jorge Pastrana; Superintendent of Industries and Education Stephen Bither; Clinical Director Dr. Juan Monserrate; and Physician's Assistant Sabrina Cyril. Specifically, he alleged that Bither and Cyril retaliated against him for complaining about inadequate medical care in violation of the First Amendment. He also alleged that Cyril, Pastrana, and Dr. Monserrate acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. The defendants collectively moved for summary judgment, which a magistrate recommended granting after finding that Sealey's retaliation claim against Bither was unexhausted and his remaining claims failed on the merits. Shortly thereafter, the district court adopted the magistrate's report.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

[2] Appellant's motion to file an out-of-time reply brief is GRANTED.

On appeal, Sealey appears to argue that the district court erred in denying his retaliation claims because Bither had a sufficient nexus to the people who retaliated against him such that this claim was exhausted and Sealey showed that Cyril placed him in the Special Housing Unit in retaliation for seeking medical treatment. Sealey also appears to argue the district court erred in rejecting his deliberate indifference claims against Cyril, Pastrana, and Monserrate by asserting that "[a]ll the name[d] defendants" were on notice of inadequate measures that resulted in a one-year delay in his medical treatment, which in turn caused him significant pain and suffering. Because Sealey is proceeding *pro se*, we have construed his brief liberally and conclude that he has preserved his claims against each defendant on appeal. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Nevertheless, as discussed below, we conclude that Sealey either failed to exhaust or raise a genuine issue of material fact as to all of his claims and thus affirm the district court's grant of summary judgment to defendants.

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party and drawing inferences in his favor. *Burger King Corp. v. E-Z Eating, 41 Corp.*, 572 F.3d 1306, 1312–13 (11th Cir. 2009). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits

3

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Burger King*, 572 F.3d at 1313. At this stage of the proceedings, "[n]either we nor the district court are to undertake credibility determinations or weigh the evidence." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010).

Section 1983 permits an individual to maintain an action for damages against a person who, acting under color of *state* law, deprives that individual of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In *Bivens*, the Supreme Court held that individuals similarly have the right to maintain an action for damages against federal officers based on violations of their constitutional rights. 403 U.S. at 389, 91 S. Ct. at 2001. As a procedural matter, we incorporate 42 U.S.C. § 1983 law into *Bivens* actions. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

However, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust under § 1997e(a) is grounds for summary dismissal. *See Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998) (holding that § 1997e(a) applies to a federal prisoner's

*Bivens* action and dismissing for failure to exhaust). Once the threshold exhaustion requirement is met, a court may proceed to address the merits of the alleged constitutional violation. *See Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

I.      Retaliation

We first address Sealey's retaliation claims against defendants Bither and Cyril. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). A prisoner may prevail in a retaliation claim by demonstrating that: (1) his speech was constitutionally protected; (2) prison officials caused him to suffer adverse action such that the retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

We agree with the district court that Sealey failed to exhaust his retaliation claim against Bither pursuant to § 1997e(a). Although Sealey submitted numerous copies of grievances in an attempt to show exhaustion, none of these grievances named Bither personally, nor alleged that Bither retaliated against him for

5

complaining about inadequate medical care. Therefore, the district court did not err in granting summary judgment to Bither.[3] *See Alexander*, 159 F.3d at 1324.

We also conclude that the district court properly granted summary judgment to Cyril with respect to Sealey's retaliation claim. The only evidence before the district court regarding Cyril's alleged retaliation was Sealey's general allegation that he was confined in the SHU as a result of Cyril's retaliatory actions. Cyril's affidavit, submitted in support of her motion for summary judgment, stated that she never wrote a disciplinary report on Sealey and that he was not placed in the SHU. Although neither we nor the district court may engage in credibility determinations in evaluating a motion for summary judgment, *Latimer*, 601 F.3d at 1237, Sealey, as the nonmoving party, "must present evidence beyond the pleadings showing that a reasonable jury could find in [his] favor" in order to survive summary judgment, *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation omitted). By failing to contest Cyril's affidavit or to provide any additional evidence in support of his general allegation of retaliation, Sealey did not raise a genuine issue of material fact as to whether Cyril took any adverse

---

[3]     We note, however, that had Sealey exhausted this claim through FCI Miami's administrative grievance procedure, Bither would still be entitled to summary judgment. Sealey has not disputed evidence that Bither was not employed at FCI Miami at the time that he was alleged to have engaged in retaliation and therefore failed to raise a genuine issue of material fact as to this claim. *See Mosley*, 532 F.3d at 1276.

action against him.  Accordingly, the district court did not err in granting Cyril summary judgment on Sealey's retaliation claim.

II.     Deliberate Indifference to a Serious Medical Need

Sealey's second claim is that defendants Cyril, Pastrana, and Monserrate violated his Eighth Amendment rights by failing to attend to his medical needs. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).  However, not every claim by a prisoner that he has not received adequate medical treatment will state an Eighth Amendment violation.  *Id.* at 105, 97 S. Ct. at 291.  To state such a claim, the plaintiff must demonstrate both (1) an objectively serious medical need and (2) prison officials' subjective deliberate indifference to that need.  *Farrow*, 320 F.3d at 1243.

Regarding the objective inquiry, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quotation omitted).  In addition, the need must be "one that, if left unattended, poses a substantial risk of serious harm."  *Id*. (quotation and alterations omitted). Regarding the subjective inquiry, "an official acts with deliberate indifference

7

when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Id.* at 1246 (quotation omitted). "Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, . . . though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Farrow*, 320 F.3d at 1246–47 (holding that a prison dentist's 15-month delay in procuring dentures for a prisoner without reasonable explanation created a jury question as to whether deliberate indifference occurred).

Applying these standards, we conclude that Sealey failed to raise a genuine issue of material fact on all three of his deliberate indifference claims. With respect to his claim against Cyril, Sealey generally alleged that Cyril denied him medical attention by ordering him to leave when he appeared at regular sick call on November 18, 2008. Cyril's sworn declaration in support of her motion for summary judgment stated that she reviewed Sealey's medical records that day, noted that he was already on a chronic care list for his foot condition, and directed him to return to the clinic during regular chronic care hours for follow-up treatment. Cyril stated that she asked Sealey to leave the clinic after he became

8

"angry and verbally abusive."  Sealey did not dispute Cyril's description of the incident in his response to her motion for summary judgment and did not submit any additional supporting evidence to demonstrate that Cyril failed or refused to obtain him medical treatment.  *See Farrow*, 320 F.3d at 1246.  He thus failed to "present evidence beyond the pleadings showing that a reasonable jury could find in [his] favor," *Shiver*, 549 F.3d at 1343, and the district court did not err in granting Cyril summary judgment on Sealey's deliberate indifference claim.

With respect to Sealey's deliberate indifference claim against Warden Pastrana, it is undisputed that Pastrana is not a medical professional, nor was he directly involved in Sealey's medical care.  Thus, for Pastrana to be liable under the Eighth Amendment for deliberate indifference to Sealey's serious medical need, Sealey must establish that Pastrana was responsible for his constitutional deprivation in a supervisory capacity.  When alleging deliberate indifference—medical or otherwise—against a supervisor, a prisoner must show either that (a) the supervisor personally participated in the alleged constitutional deprivation or (b) there is a causal connection between the supervisor's actions and the alleged constitutional deprivation.  *Matthews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007).  A causal connection may be established by showing that: (i) the supervisor was on notice of a "history of widespread abuse" of constitutional

rights, but failed to take corrective action; (ii) the supervisor had a policy in place that condoned the alleged constitutional deprivation; or (iii) the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Id.*

Sealey failed to introduce any evidence either of Pastrana's personal participation in his alleged constitutional deprivation or a causal connection between Pastrana's actions and this deprivation. Although Pastrana admitted in his sworn declaration that he was familiar with Sealey and his medical issues, the only record evidence regarding Pastrana's involvement in Sealey's medical treatment is a response to Sealey's request for an administrative remedy, dated April 11, 2008. This document demonstrates that far from failing to take corrective action or failing to stop his subordinates from neglecting Sealey's medical needs, *see id.* at 1270, Pastrana and his staff were able to secure a follow-up appointment with a podiatrist to ensure a proper fit for Sealey's requested leg brace. Nor is there any evidence of record that Pastrana had policies in place that condoned deliberate indifference to Sealey's medical needs. *See id.* Accordingly, the district court did not err in granting summary judgment to Pastrana on Sealey's deliberate indifference claim.

Lastly, Sealey failed to establish a genuine issue of material fact on his deliberate indifference claim against Dr. Monseratte. We agree with the district court that given the relatively short time period in which medical professionals acknowledged that Sealey's degenerative conditions required medical intervention, Sealey did have a serious medical need. *See Farrow*, 320 F.3d at 1244–45. Further, the one-year delay in providing Sealey with the appropriate footwear, during which he suffered ongoing pain, and the fact that he never received surgery for his degenerative hip condition could amount to deliberate indifference. *See id.* at 1246–47.

As the Clinical Director at FCI Miami, Monserrate admitted to knowing the full extent of Sealey's medical conditions and to being responsible for the medical decisions related to his care. However, the record does not contain any evidence that Monserrate personally failed or refused to provide Sealey with medical treatment or was responsible for any delay in or denial of the provision of such treatment. To the contrary, the uncontested evidence demonstrates that Monserrate saw Sealey regularly, at which time he identified his conditions and treated them with a lower bunk assignment and various pain medications, ordered orthotic inserts, requested a surgical transfer, and referred Sealey to specialists who prescribed special shoes. The record also demonstrates that it was the BOP

11

committee, not Monserrate, that was ultimately responsible for the denial of Sealey's hip surgery and the significant delay in approving the request for orthotics.[4]  Sealey did not provide any evidence to the contrary, and therefore failed to raise a genuine issue of material fact as to Monserrate's deliberate indifference to his serious medical needs.  Accordingly, we hold that the district court did not err in granting Monserrate summary judgment on Sealey's deliberate indifference claim.

AFFIRMED.

---

[4]  Insofar as the delays in Sealey's treatment resulted from decisions at the BOP level, we note that Sealey may have been able to state a claim against other officials for their deliberate indifference.  The district court acknowledged as much by granting Sealey leave to amend his complaint so as to name the responsible parties.  However, by appealing the district court's order without amending his complaint, Sealey waived that right.  *See Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) (holding that a plaintiff who chooses to appeal before the expiration of the time allowed for amendment waives the right to later amend the complaint).