[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11772
Non-Argument Calendar
_____

D. C. Docket No. 1:12-cv-24169-UU

GEORGE PINO,

Plaintiff-Appellant,

versus

WILLIAM NIELDS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 13, 2015)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

George Pino, a former inmate of the Florida Department of Corrections

("DOC"), appeals summary judgment in favor of William Nields, a physician and

administrator with the DOC Utilization Management Department ("UMD"). Pino alleges that Nields was deliberately indifferent to a serious medical condition, thus violating his Eighth and Fourteenth Amendment rights. The district court concluded that Nields was entitled to qualified immunity. We affirm.

Pino was an inmate with the DOC from December 24, 2008, to March 24, 2012. While incarcerated, he suffered from degenerative joint disease in his hips. In June 2009, he received a right hip replacement. Following discharge from impatient care, Pino sought replacement for his other hip. The DOC denied the request in favor of non-surgical treatment. In 2010, the DOC transferred Pino to a different prison where he filed a formal grievance regarding the denial of surgery. His grievance was approved and he was called to the clinic on October 19, 2010. Over approximately the next year, the DOC considered various non-surgical procedures for Pino, denying some and approving others.

On December 1, 2011, Everglades Correctional Institution physician Dr. Oscar Ortega submitted a request to the UMD on behalf of Pino for an orthopedic consultation. Nields denied the orthopedic consultation for Pino on December 29, 2011, citing Pino's upcoming release date, and an insufficient period to recover from surgery. Pino was released from custody on March 25, 2012.

We review a district court's grant of summary judgment de novo, "viewing the record and drawing all reasonable inferences in the light most favorable to the

non-moving party." <u>Patton v. Triad Guar. Ins. Corp.</u>, 277 F.3d 1294, 1296 (11th Cir. 2002). Courts shall grant summary judgment only when "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).

Qualified immunity protects government officials sued in their individual capacities if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). The Supreme Court has adopted a two-part test for evaluating a claim of qualified immunity. The plaintiff must show that 1) there was a violation of the Constitution and 2) that the illegality of the defendant's actions was clearly established at the time of the incident. <u>Hoyt v. Cooks</u>, 672 F.3d 972, 977 (11th Cir. 2012). This Court need not decide whether there was a constitutional violation if the illegality of the conduct was not clearly established at the time. <u>Id.</u>

Pino has cited no case with materially similar facts from the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida which might have given Nields fair warning that denying a surgery with an extended recovery close to an inmate's release is unconstitutional, nor has our research revealed such a case. Pino's citation to <u>Sealy v. Pastrana</u>, 399 F. App'x 548, 552 (11th Cir. 2010), fails for two reasons. First, an unpublished opinion is not binding precedent on this court, and therefore could not provide fair warning to a lay person of

3

unconstitutional conduct.  Second, <u>Sealy</u>'s rationale stems directly from <u>Farrow v. West</u>, 320 F.3d 1235, 1247 (11th Cir. 2003), which requires that for a delay in treatment to be <u>potentially</u> unconstitutional, the delay must be without "any reasonable explanation."  Here, Nields had an explanation for the denial and subsequent delay.

**AFFIRMED.**