[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13024
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 26, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01770-CV-CAP-1

TIMMY S. SHIVER,

Plaintiff-Appellant,

versus

MICHAEL CHERTOFF,
Secretary, Department of Homeland Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 26, 2008)

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

Appellant Timmy S. Shiver, proceeding *pro se*, appeals the district court's

grant of summary judgment in favor of the government in his employment discrimination suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16, and Title V of the Rehabilitation Act of 1973, 29 U.S.C. § 791. Specifically, the district court found that Shiver's complaint was untimely because the charging period began on December 3, 2004, when Shiver learned that he was going to be demoted. Shiver contests the district court's finding and claims that his administrative complaint was timely filed on January 5, 2005, when he learned that his demotion had become effective.

## I.

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in a light most favorable to the non-moving party. *Id.* at 1243. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of production. *Ficking v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets this burden, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Id.* "Speculation does not create a *genuine*

2

issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quotation omitted). As the Supreme Court stated, "the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

## II.

"The [Rehabilitation] Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *see also* 29 U.S.C. §§ 791(g), 794a. The remedies, procedures, and rights of Title VII are available to plaintiffs filing complaints under the Rehabilitation Act. 29 U.S.C. § 794a(a)(1).

Under Title VII and the Rehabilitation Act, federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act. *See id.*; 42 U.S.C. § 2000e-16(b); 29 C.F.R. § 1614.105(a)(1); *see also Mullins*, 228 F.3d at 1310-11 (applying the 45-day exhaustion requirement to federal employees raising claims under the Rehabilitation Act). When the discriminatory act results in a personnel action, the employee must contact an EEO

3

counselor "within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The EEOC "shall extend the 45-day limit . . . when the individual shows . . . that he or she did not know and reasonably should not have [] known that the . . . personnel action occurred." 29 C.F.R. § 1614.105(a)(2). Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies. *See Brown v. Snow*, 440 F.3d 1259, 1264-65 (11th Cir. 2006) (affirming the district court's determination that the defendant failed to establish that the plaintiff did not initiate contact within the 45-day charging period).

In this case, the record demonstrates that Shiver contacted an EEO counselor within 45 days of January 5, 2005, which was the date that he learned that his demotion had become effective. Thus, we conclude that his administrative complaint was timely, and, therefore, the district court erred in finding that Shiver's action was time-barred. Accordingly, we vacate the district court's grant of summary judgment in favor of the government and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**