[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11137
Non-Argument Calendar

_____

D. C. Docket No. 08-00014-CV-WS-C

MARKALE JACKSON,

Plaintiff-Appellant,

versus

WINN DIXIE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 13, 2009)

Before DUBINA, Chief Judge, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Markale Jackson appeals from the district court's grant of

summary judgment in favor of Winn-Dixie, Inc., in his employment discrimination suit under 42 U.S.C. § 1981. Jackson filed his complaint on November 30, 2007, alleging that he was unlawfully transferred from his position based on his race. The district court granted summary judgment, finding that, although he had established a *prima facie* case of race discrimination, he had not shown that Winn-Dixie's legitimate, non-discriminatory reason for his transfer was pretextual.

On appeal, Jackson argues that Winn-Dixie's articulated reason for his job transfer – his failure to follow the store cash-handling procedure and the corresponding loss of $1,000 – was a pretext for race discrimination. In support of his claim, he points to Winn-Dixie's decision not to take similar action against two white employees who violated the same procedures.

I.

"We review a district court's grant of summary judgment *de novo*." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment is appropriate where there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 1343-44 (internal quotation marks omitted).

Discrimination claims brought under section 1981 "have the same requirements of proof and [use] the same analytical framework" as those brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). *Springer v. Convergys Customer Mgmt. Group*, 509 F.3d 1344, 1347 n.1 (11th Cir. 2007). When reviewing discrimination claims that are supported by circumstantial evidence, we employ the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). *See Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1228 (11th Cir. 2002). Under this analysis, a plaintiff is initially required to establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. Assuming he is able to do so, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 802-03, 93 S. Ct. at 1824. If the employer identifies legitimate reasons, the burden then shifts back to the plaintiff to establish that the employer's articulated reasons are merely pretexts for discrimination. *Id.* at 804, 93 S. Ct. at 1825.

"[A] reason cannot . . . be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752, 125 L. Ed.

2d 407 (1993). If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot merely recast the reason, but must "meet the reason head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000)(*en banc*). To prove pretext, a plaintiff may rely on evidence previously submitted as part of his *prima facie* case. *Id.* at 1024.

If a plaintiff attempts to show pretext by comparing her own treatment to the employer's treatment of similarly situated white employees, the plaintiff and the employee she identifies as a comparator must be "similarly situated in all relevant respects . . . to prevent courts from second-guessing" a reasonable decision by the employer. *Rioux v. City of Atlanta, Ga.*, 522 F.3d 1269, 1280 (11th Cir. 2008)(internal quotation marks and alterations omitted). Employees are "similarly situated" if they are involved in the same or similar conduct and are disciplined in different ways. *Id.* at 1279-80 (internal quotation marks omitted).

We conclude from the record that Jackson's failure to follow established cash-handling procedures was a legitimate, non-discriminatory reason for his job transfer, and it would reasonably motivate an employer to transfer him to a position in which he does not exercise monetary oversight. Although Winn-Dixie decided not to punish similarly two white employees who violated the same procedures, their conduct was appreciably different from Jackson's, because: (i)

one comparator was not present in the store for the months before and after the monetary loss, and no evidence indicates he was in any way connected to it; and (ii) unlike Jackson, the other comparator had not been trained in the procedures, and his violations were unwitting.  Winn-Dixie's decision not to transfer the white employees did not establish that its stated reason for transferring Jackson was false or that the true reason for doing so was racially discriminatory.  Accordingly, we conclude that the district court did not err in granting summary judgment to Winn-Dixie on Jackson's discrimination claim.[1]

**AFFIRMED.**

---

[1]Before the district court, Jackson also unsuccessfully argued that Winn-Dixie transferred him in retaliation for protected conduct and denied his vacation request based on retaliatory and racially discriminatory motives.  He has not presented these issues on appeal, however, so they are waived. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.")