[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2010
JOHN LEY
CLERK

No. 09-15543
Non-Argument Calendar
_____

D. C. Docket No. 08-00539-CV-ORL-22GJK

DAVID BINIASHVILI,

Plaintiff-Appellant,

versus

EDWARD J. BOHNE, III,

Defendant,

PINO TILE HOLDINGS, LLC,
ADP TOTALSOURCE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 28, 2010)

Before DUBINA, Chief Judge, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant David Biniashvili appeals *pro se* from the district court's grant of summary judgment in favor of ADP TotalSource, Inc. ("ADP") and Pino Tile Holdings, LLC ("Pino Tile") on Biniashvili's claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

We review a district court's grant of summary judgment *de novo*, "draw[ing] all factual inferences in the light most favorable to the non-moving party." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment is appropriate where there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* at 1343–44 (internal quotation marks omitted).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer to

2

retaliate against an employee for his participation in certain statutorily protected activities:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). "In order to prove retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Gregory v. Ga. Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (internal quotation marks omitted).

When reviewing discrimination claims that are supported by circumstantial evidence, we generally employ the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Under this analysis, a plaintiff is initially required to establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. The burden of proof then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.*

"If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *Wilson*, 376 F.3d at 1087. If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason, but must "meet that reason head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). Quarreling with the wisdom of the employer's decision is not sufficient. *Id.*

First, we conclude that the district court did not err in construing Biniashvili's "retaliation" claim as an extension of his substantive discrimination claim. Biniashvili's retaliation complaint appears to be an alternatively captioned restatement of his substantive discrimination complaint. Biniashvili expressly incorporates the factual bases for his substantive discrimination complaint into his retaliation claim and he does not allege in his complaint—and he has not since alleged—that he engaged in a statutorily protected activity, such as opposing an unlawful employment practice or participating in proceedings against his employer. Because he has not alleged that he engaged in a statutorily protected activity, Biniashvili cannot make out a *prima facie* case of retaliation. Therefore, under the liberal-construction rule for *pro se* litigants, we conclude that the district

4

court properly incorporated the elements of Biniashvili's retaliation claim into his substantive discrimination claim. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (holding *pro se* pleadings are entitled to a liberal construction).

The district court also properly granted summary judgment to both Pino Tile and ADP. Even assuming that Biniashvili is able to establish a *prima facie* case of discrimination, Pino Tile has presented legitimate, non-discriminatory reasons for Biniashvili's termination, which he has not rebutted. Pino Tile has identified multiple instances of Biniashvili's unprofessional conduct and insubordination. Biniashvili provided no evidence to contradict two of those instances, each of which involved confrontations between Biniashvili and Pino Tile management. These confrontations could serve as legitimate grounds on which to terminate an employee and Biniashvili has not presented evidence sufficient to create a genuine issue that they were merely pretext for illegal discrimination. The district court's grant of Pino Tile's motion for summary judgment was therefore appropriate.

Further, Biniashvili has presented no evidence to suggest that ADP participated in Pino Tile's decision to fire him. Rather, substantial evidence of record suggests that ADP did not have the authority to compel Pino Tile to take any employment action with respect to Biniashvili. Because Biniashvili cannot establish that ADP took any action leading to his termination or the delay of the

5

bonus payments, he cannot establish a *prima facie* case against ADP.[1]

Accordingly, the district court appropriately granted ADP's motion for summary judgment.

**AFFIRMED.**

---

[1]Even assuming that he could establish a *prima facie* case that ADP was liable for Pino Tile's decision to fire him, Biniashvili's claim would still fail for the reasons that his claim against Pino Tile fails. The record contains independent, non-discriminatory reasons for his termination. Biniashvili is unable to show that these reasons are a pretext for unlawful discrimination.