[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13007
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:06-cv-01671-JA-DAB

AMY SHIRLEY OLIVER,
as Personal Representative of the Estate of
Anthony Carl Oliver, Sr., Deceased, for and on
behalf of the survivors of the Estate of Anthony
Carl Oliver, Sr.,

Plaintiff - Appellant,

versus

ORANGE COUNTY, FLORIDA,
a political subdivision of the State of Florida, et al.,

Defendants,

LORI FIORINO,
in the official capacity as Orlando Police
Department Officer,
DAVID BURK,
in the official capacity as Orlando Police
Department Office,
TASER INTERNATIONAL, INC.,
a foreign corporation,
CITY OF ORLANDO,

a political subdivision of the State of Florida,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 31, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Amy Shirley Oliver ("Oliver"), as personal representative of the estate of Anthony Carl Oliver, Sr., appeals from the district court's final order granting summary judgment in favor of Officer Lori Fiorino, Officer David Burk, Taser International, Inc., and City of Orlando (collectively, "the Defendants"), in Oliver's civil rights action. The first time the case was before us on appeal, Officers Burk and Fiorino took an interlocutory appeal of the district court's decision denying their qualified immunity motions for summary judgment, and we affirmed the trial court's order. Oliver v. Fiorino, 586 F.3d 898 (11th Cir. 2009). The case was then remanded to the trial court for further proceedings. In this appeal, Oliver argues that the district

2

court violated the law of the case doctrine by granting the Defendants' Daubert[1] and summary judgment motions. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). Under Rule 56, summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). We review a trial court's decision to exclude an expert's testimony pursuant to Daubert for abuse of discretion. Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1334 (11th Cir. 2010). "We review de novo the district court's application of the law of the case doctrine." Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285 (11th Cir.2004).

The relevant facts and procedural history of the case are these. Oliver's case arose from the death of her son, Anthony Oliver, who had died after Officers Fiorino and Burk shocked him with a Taser gun, or Taser Electronic Control Device ("Taser ECD"). Oliver alleged that the officers used excessive and unreasonable force in violation of Anthony Oliver's Fourth Amendment rights, and alleged various actions in tort against Taser. Prior to the first appeal to this Court, Taser had filed in the

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

district court a summary judgment motion and a Daubert motion to exclude Oliver's medical causation expert, Dr. Glenn Rudner. The district court denied Taser's Daubert motion, as well as the summary judgment motion based on qualified immunity filed by defendants Fiorino, Burk and the City of Orlando. The officers then appealed the order denying their summary judgment motion requesting qualified immunity, and we affirmed.

On remand, a new judge was assigned to the case. Thereafter, Taser filed a motion for leave to supplement expert witness reports, noting the new scientific testing regarding the Taser ECD that had taken place during the time that the case had been on appeal, and requesting that the respective parties' experts be allowed to supplement their reports and opinions to take that scientific knowledge into account. In response, Oliver's counsel agreed with Taser's request, and further requested that Oliver also be allowed to supplement her expert witness reports and, if necessary, retain additional experts. On May 27, 2010, the trial court granted both parties' requests. Pursuant to the court's order, a new case management and scheduling order was entered setting forth various deadlines for the disclosure of expert witness reports.

In accordance with the second amended case management and scheduling order, Taser supplemented the reports of numerous experts reflecting the latest

4

scientific research concerning the effect of the Taser ECD on the human body. Based on these reports, the Defendants filed a renewed motion to exclude Dr. Rudner, and also filed renewed motions for summary judgment on the issue of causation. The plaintiff did not supplement the report of her causation expert, Dr. Rudner, nor did she retain any new experts. On May 31, 2011, the court entered an order granting all motions to exclude Dr. Rudner and all pending motions for summary judgment. Specifically, it held that "the methodology used by Dr. Rudner to reach his opinions is conclusory and unreliable, and therefore, his opinion testimony will be excluded. Furthermore, without Dr. Rudner's testimony, Plaintiff has failed to present any evidence of causation, and Defendants' motions for summary judgment consequently must be granted." This timely appeal follows.

"Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case. The law of the case doctrine, however, bars consideration of only those legal issues that were actually, or by necessary implication, decided in the former proceeding." Jackson v. State of Alabama State Tenure Com'n, 405 F.3d 1276, 1283 (11th Cir. 2005) (quotation omitted). Nevertheless, because the "law of the case applies only where there has been a final judgment[,] a court's previous rulings may be reconsidered as long as the case remains within the jurisdiction of the district court." Vintilla v.

<u>United States</u>, 931 F.2d 1444, 1447 (11th Cir. 1991) (quotation omitted).  Morever, there are exceptions to the law of the case doctrine, namely, where the defendant can show either (1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.  <u>Piambino v. Bailey</u>, 757 F.2d 1112, 1120 (11th Cir. 1985).

Rule 702 of the Federal Rules of Evidence allows an expert to testify in a case, provided that "scientific, technical, or other specialized knowledge" will assist the trier of fact. Fed. R. Evid. 702. Additionally, the expert must be qualified by "knowledge, skill, experience, training, or education" and may testify to an opinion if (1) "the testimony is based on sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) the witness "has reliably applied the principles and methods to the facts of the case."  <u>Id.</u>

In <u>Daubert</u>, the Supreme Court explained that through Rule 702, courts perform a "gatekeeping" function -- specifically, they determine whether the proffered expert testimony is reliable and relevant.  <u>Daubert</u>, 509 U.S. at 589 n.7, 590-91. Thus, in order for expert testimony to be admissible, a district court must determine that

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact,

through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (quotation omitted).

As an initial matter, the law of the case doctrine does not apply here because the first appeal in this case did not address the district court's original Daubert ruling. Rather, the only issues resolved and considered during the initial appeal related to qualified immunity defenses asserted by Fiorino and Burk in their motion for summary judgment. See Oliver, 586 F.3d at 904 ("The only issue before us is whether Officers Fiorino and Burk are entitled to qualified immunity on the Fourth Amendment claim that they used excessive and unreasonable force by repeatedly tasering Oliver."). In so doing, we "resolve[d] all issues of material fact in favor of the plaintiff," id. at 901, and as relevant here, simply recited from the record that existed at the time that Dr. Rudner's expert report had opined "to a reasonable degree of medical certainty" about the cause of Oliver's death. Id. at 904. Notably, however, we were not asked to address, and did not address, any arguments concerning whether Dr. Rudner's expert report used reliable methodology or otherwise passed muster under Daubert.[2] Therefore, because no Daubert issues were

---

[2] This is because the district court's original Daubert ruling was a non-appealable interlocutory order, which the district court had not primed for interlocutory appeal. See 28 U.S.C. § 1292(b) (providing how a district court may make an otherwise non-appealable order appealable).

actually, or by necessary implication, decided in the first appeal, the law of the case doctrine did not apply.

Furthermore, since Daubert was not addressed in the appeal, the district court had the right to reconsider its previous rulings on remand. As reflected in the record, at the time the district court entered its order on remand granting the Defendants' second Daubert motion and renewed motions for summary judgment, no final judgment had been entered against the City of Orlando, Fiorino or Burk. Therefore, the court had the discretion and authority to review its prior rulings and orders and the law of the case doctrine did not apply. See Vintilla, 931 F.2d at 1447; see also Technical Resource Serv., Inc. v. Dornier Medical Sys., Inc., 134 F.3d 1458, 1465 n.9 (11th Cir. 1998) (noting that a second judge may reconsider rulings by the first judge before final judgment is entered).

But even if the law of the case doctrine were to apply here, the district court properly applied the exception to the doctrine based on new evidence. As the record shows, on remand, the Defendants introduced new scientific testing regarding the Taser ECD that had taken place during the time that the case had been on appeal, and a follow-up deposition of Dr. Rudner. The district court specifically noted that new evidence had arisen during the pendency of the appeal, and that it was relying on that evidence, in part, in reaching its decision. See Dist. Ct. Order at 4 n.5 (May 31, 2011)

(noting, among other things, that "the second deposition of Dr. Rudner (taken January 5, 2011) constitutes new evidence that must be considered"); id. at 6-7 ("The Court has reviewed Dr. Rudner's deposition, expert report, second expert report, and second deposition in order to determine if Dr. Rudner's expert testimony meets the requirements set forth by Daubert and Rule 702.").

Because this new evidence was presented to and considered by the district court, the district court was not bound by the law of the case, if any. Piambino, 757 F.2d at 1120; see also Jackson, 405 F.3d at 1283 ("When the record changes, which is to say when the evidence and the inferences that may be drawn from it change, the issue presented changes as well"). As a result, the district court did not violate the law of the case doctrine when it granted the Defendants' Daubert and summary judgment motions. And indeed, it is worth noting that Oliver does not challenge the existence of this new evidence, much less the substance of the district court's rulings. Accordingly, we affirm.

**AFFIRMED.**