[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14541
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-01926-WMA



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                        Plaintiff-Appellant,

versus

SUMMER CLASSICS, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 12, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.


PER CURIAM:

The Equal Employment Opportunity Commission (EEOC) appeals the district court's order granting Summer Classics, Inc.'s (Summer Classics) motion for summary judgment. The EEOC brought this disability discrimination action on behalf of Larry Lowe, pursuant to Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117. The EEOC argues the district court erred in ruling that Mr. Lowe's September 5, 2007 charge of discrimination was untimely because Mr. Lowe did not receive unequivocal notice of his termination until March 26, 2007. Alternatively, the EEOC argues that Mr. Lowe's July 31, 2007 intake questionnaire should have been treated as a charge under the Supreme Court's decision in *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008). The EEOC also appeals the district court's order denying its Rule 59(e) motion for reconsideration. We affirm.

I.

Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, including the duty to exhaust administrative remedies. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5). Thus, prior to filing a claim for discrimination under the ADA, a plaintiff must first file a charge of discrimination with the EEOC. *Id.* § 2000e-5(e)(1); *see also* 29 C.F.R. §

2

1626.7(a).  Failure to file the charge within 180 days of the alleged unlawful employment practice bars the claim.  *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).

Before the district court, the EEOC argued Mr. Lowe complied with the ADA's 180-day time limitation because he believed he was terminated on February 23, 2007, his "intake questionnaire" was completed on July 31, 2007, and the intake questionnaire was a sufficient charge of discrimination under *Holowecki*.  In the "background" and "objections to defendant's statement of facts" sections of its summary judgement papers, the EEOC contended the actual date of Mr. Lowe's termination was March 23, 2007.  However, the EEOC never argued the legal import of this factual dispute.

The magistrate judge filed a report and recommendation, which included a finding that the date of termination was February 23, 2007.  Although the EEOC objected to this factual finding, it again failed to make any legal argument as to the importance of the date of termination.  Instead, the EEOC reiterated its argument that the July 31, 2007 intake questionnaire was a sufficient charge under *Holowecki*.  The district court adopted the magistrate judge's report and recommendation, and overruled the EEOC's objections.  However, because the

3

EEOC "suggest[ed] that this case may become a test case involving the unique question presented," the district court chose to supplement the report and recommendation with its own analysis of the *Holowecki* argument.

The EEOC filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing for the first time that the 180-day limitation period commenced on March 23, 2007. On appeal, the EEOC now argues that the 180-day limitation period began, not on February 23, 2007, nor March 23, 2007, but rather March 26, 2007.

In civil cases, we generally do not consider arguments raised for the first time on appeal. *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011). Further, there "is no burden upon the district court to distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012). A "mere recitation of the underlying facts [in a brief to the district court] . . . is insufficient to preserve an argument; the argument itself must have been made below." *Ledford*, 657 F.3d at 1258. Finally, a Rule 59(e) motion "cannot be used to relitigate old matters, raise argument or present evidence that could have been

raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation omitted).

We decline to consider the EEOC's argument that March 26, 2007 is the date the 180-day period commenced. *See Ledford*, 657 F.3d at 1258. We also find that the EEOC waived its argument that March 23, 2007 is the correct date. The EEOC's factual objections, without corresponding legal argument, were insufficient to preserve the argument on appeal. *See Solutia, Inc.*, 672 F.3d at 1239; *Ledford*, 657 F.3d at 1258. As the EEOC admits in its reply brief, "the Commission first elaborated upon the significance of [i.e., argued the importance of] the March 26, 2007 letter in its Rule 59(e) motion." Unfortunately for Mr. Lowe, the EEOC only "elaborated upon the significance" of *Holowecki* before the district court, and in doing so, waived a more promising argument. *See, e.g.*, *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 849 (11th Cir. 2000); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996).

Further, Rule 59(e) motions cannot be used to raise new arguments that could have been raised prior to entry of judgment. *Wilchombe*, 555 F.3d at 957. Therefore, the district court did not abuse its discretion by denying the motion for reconsideration. *See Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (reviewing denial of Rule 59(e) motion for an abuse of discretion).

II.

The EEOC argues, in the alternative, that the district court erred by failing to treat Mr. Lowe's intake questionnaire as a valid charge when determining compliance with the 180-day limitation period. We review a district court's grant of summary judgment *de novo*, applying the same legal standards used by the district court and drawing all factual inferences in the light most favorable to the non-moving party. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The Supreme Court construed the meaning of a charge under the ADEA in *Holowecki*. 552 U.S. at 392-93. However, the Supreme Court cautioned that the rules and enforcement mechanisms differ between the ADEA, Title VII, and the ADA, and therefore, the rules applicable to one statute should not be applied to another "without careful and critical examination." *Id.* at 393. Even assuming *Holowecki* is applicable to a charge under the ADA, the EEOC fails to demonstrate that Mr. Lowe's intake questionnaire is a sufficient filing.

In *Holowecki*, the Court concluded that an EEOC filing which contained all regulatory requirements would be considered a charge if it was "reasonably construed as a request for the agency to take remedial action . . . or settle a dispute

6

between the employer and the employee." *Id.* at 402. The filing must "be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id.*[1] The Court rejected the contention that the definition of a charge is conditioned on the EEOC's response to the filing. *Id.* at 403-04. The Court concluded that Holowecki's intake questionnaire constituted a charge because in an attached affidavit, Holowecki requested the EEOC to "force [the employer] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment." *Id.* at 404-05. The Court held that this was properly construed as a request for the EEOC to act. *Id.* at 405.

Here, the EEOC argues that Mr. Lowe's July 2007 intake questionnaire and handwritten note constituted a sufficient charge of discrimination because Mr.

---

[1] The Court also noted that there "might be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required." *Id.* at 405. The EEOC argues for the first time on appeal that Summer Classics' treatment of Mr. Lowe fits this exception. We find the argument waived. *Ledford*, 657 F.3d at 1258. Even if not waived, the argument fails. Although depositions of Summer Classics' employees revealed their baseless stereotypes, the face of Mr. Lowe's questionnaire fails to foreshadow these fallacious fears. Instead, Mr. Lowe's questionnaire laments his firing for failing to provide requested medical information concerning his HIV following an absence from work. This allegation is not the type of "clear or persuasive" discrimination that would lead a reasonable person to infer a request for action. If it were, the Court's "reasonable request" rule would be obliterated by the "clear or pervasive" exception.

Lowe labeled Summer Classics' employment actions "discrimination" and "a crime," he described his resulting depression, fatigue, and lack of sleep, and he stated he was "looking for counsel." Even construing these documents in their most favorable light, *see Holowecki*, 552 U.S. at 406, nothing in them indicates to an objectively reasonable reader that Mr. Lowe wishes to activate the "machinery and remedial processes" of the EEOC. *Id.* at 402. As the EEOC argued in *Holowecki*, the definition of charge must allow the agency to fulfill its distinct statutory functions of enforcing anti-discrimination laws and disseminating information about those laws to the public. *Id.* at 400-01. The only reasonable reading of Mr. Lowe's questionnaire is as a request for information and answers about his rights, rather than a demand for agency enforcement. *Id.*

Accordingly, the district court did not err by granting summary judgment in favor of Summer Classics. We affirm.

**AFFIRMED.**