[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10974
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cv-00161-HL

ANGELA JEST,

Plaintiff-Appellant,

versus

ARCHBOLD MEDICAL CENTER, INC.,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 1, 2014)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Angela Jest appeals from the district court's grant of summary judgment in favor of Archbold Medical Center, Inc. ("Archbold") on her race discrimination claim, under Title VII, 42 U.S.C. § 2000e-2A, and 42 U.S.C. § 1981, and her disability discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  First, Jest argues that the district court erred when it concluded that a witness's statement that no other employees had the kind of misconduct that Jest did was "persuasive."  Second, Jest argues that she established a *prima facie* case of discrimination.  She was subjected to adverse employment actions, including a series of targeted write-ups, suspension, and termination.  She demonstrated that Archbold treated similarly situated white and nondisabled employees more favorably, citing that: (1) she was disciplined for clocking out late but her white co-workers were not; and (2) Ashley Morris, Jane Moore, and Virginia Ponder engaged in similar conduct to Jest but were not disciplined.  Third, Jest asserts that even if she could not establish the elements of a *prima facie* case, she presents a convincing mosaic of circumstantial evidence that creates a triable issue concerning discriminatory intent.  Finally, Jest argues that Archbold's proffered reasons for termination were pretext for discrimination.

## A.  Race Discrimination

We review a district court's grant of summary judgment *de novo*, viewing all evidence and factual inferences in favor of the non-moving party.  *Rojas v.*

2

*Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).  We can affirm a district court's decision on any adequate grounds.  *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1203 fn.3 (11th Cir. 2003); *see also Cuddeback v. Florida Bd. Of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004) (affirming a district court's grant of summary judgment based on a failure to establish pretext even though the district court only addressed the issue of establishment of a *prima facie* case).  We do not generally consider issues raised for the first time on appeal.  *Access Now Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Summary judgment is appropriate when the moving party meets its burden of production, demonstrating that no genuine issue of any material fact exists, and the non-moving party fails to present evidence showing that a reasonable jury could find in its favor.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter."  *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).  "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

Title VII prohibits an employer from discriminating against an individual on the basis of that individual's race.  42 U.S.C. § 2000e-2(a)(1).  Section § 1981 of Chapter 42 of the United States Code states that "[a]ll persons within the

3

jurisdiction of the United States shall have the . . . full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . [and that] the rights protected by this section are protected against impairment by nongovernmental discrimination." 42 U.S.C. § 1981. Where a plaintiff's Title VII claim relies on circumstantial evidence, the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is often applied. *See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006); *see also Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 (11th Cir. 2011) ("Title VII and § 1981 have the same requirements of proof and utilize the same analytical framework.").

Under *McDonnell Douglas*, in order to establish a *prima facie* case of race discrimination, a plaintiff shows that (1) he is a member of a racial minority; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified for the job. *Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997). To qualify as "adverse," an action taken must be "a serious and material change in the terms, conditions, or privileges of employment." *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). With respect to the third element, the plaintiff and the comparator must be "similarly situated 'in all relevant

respects.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004).

Even if the district court did improperly weigh evidence by concluding that a witness's statement that there were no employees with a history of conduct like that of Jest, we can still affirm the district court's decision to grant summary judgment because, as the discussion below indicates, Jest fails to meet her burden by presenting evidence of any similarly situated individuals who were treated more favorably. *See Wright*, 320 F.3d at 1203.

With respect to Jest's race discrimination claim, only Jest's suspension and termination constitute adverse employment actions. *See Davis*, 245 F.3d at 1239. To the extent that Jest argues that the series of targeted disciplinary write-ups constituted an adverse employment action, she raises this argument for the first time on appeal and therefore we need not address it. *See Access Now Inc.*, 385 F.3d at 1331. Furthermore, Jest fails to establish a *prima facie* case of race discrimination because she cannot demonstrate that Archbold treated similarly situated white employees more favorably. *See Holifield*, 115 F.3d at 1561-62. With respect to Jest's white co-workers who clocked out late, Jest fails to present evidence that they were similarly situated in all relevant aspects. *See Wilson*, 376 F.3d at 1091. Moore and Ponder do not constitute similarly situated individuals because Jest's disciplinary history is far more substantial than either of theirs, her misconduct is more serious, and she has instances of misconduct in many more

5

areas of her work.  Jest and Morris are not similarly situated because there is no evidence that Archbold knew that Morris was involved in the decision to conduct a bladder scan, and therefore, treated Morris more favorably by not disciplining her for her misconduct.  Finally, with respect to Jest's argument that she presented a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by Archbold, Jest raises this issue for the first time on appeal, and therefore we need not address this argument.  *See Access Now Inc.*, 385 F.3d at 1331.  Based on these considerations, we affirm the district court's decision to grant Archbold's motion for summary judgment on Jest's race discrimination claim.

## B.  Disability Discrimination

The ADA holds that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  We analyze ADA discrimination claims under the burden-shifting analysis applied to Title VII claims.  *Holly v. Clairson Industries, L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).  To establish a *prima facie* case under the ADA, a plaintiff may show that (1) he was disabled, (2) he was qualified to perform the job, and (3) he was subjected to an adverse

6

employment action because of his disability. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

Under the *McDonnell Douglas* framework, if a plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to the defendant to proffer a legitimate, nondiscriminatory reason for taking the challenged employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). An employer may fire an employee for a good reason, a bad reason, or even a reason based on erroneous facts, as long as the reason is not discriminatory. *Nix v. WLCY Radio/Rahall Commc'n*, 738 F.2d 1181, 1187 (11th Cir. 1984). Once the defendant proffers a reason, the plaintiff must then demonstrate that the proffered reason was a pretext for discrimination. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272-73 (11th Cir. 2002). In order to show pretext, "[i]f the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment." *See Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007).

Arguably, Jest presented evidence that she was terminated because of her disability. Nevertheless, we affirm the district court's decision to grant summary judgment on Jest's disability claim because Jest failed to adequately rebut several of Archbold's legitimate nondiscriminatory reasons for suspension and

7

termination, and failed to show that Archbold's proffered reasons were a pretext for discrimination. *See Cuddeback*, 381 F.3d at 1235-36. Specifically, Jest did not rebut the rationales of her conducting a bladder scan without an order, patient safety concerns, and failure to follow up on medications. These provided non-discriminatory reasons that supported her termination. Accordingly, the decision of the district court is

**AFFIRMED.**