[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14412
_____

D.C. Docket No. 1:11-cv-22798-CMA

BRITTANY BURDEAUX,

Plaintiff–Appellant,

versus

ROYAL CARIBBEAN CRUISES, LTD.,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 14, 2014)

Before PRYOR and JORDAN, Circuit Judges, and FRIEDMAN,[*] District Judge.

PER CURIAM:

On August 26, 2010, after disembarking from a cruise ship at the port of

Cozumel, Mexico, plaintiff-appellant Brittany Burdeaux was sexually assaulted by

---

[*] Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

five unidentified men near a shopping district that the cruise line, defendant-appellee Royal Caribbean Cruises, Ltd., had recommended visiting.  Burdeaux subsequently brought suit against Royal Caribbean, alleging that the cruise line had failed to adequately warn her of the risk of sexual assault and rape in that shopping district and in Cozumel generally.  After fact discovery concluded, Royal Caribbean moved for summary judgment.  The district court found that Burdeaux had failed to submit probative evidence that Royal Caribbean had actual or constructive notice of a heightened risk of sexual assault and rape in the shopping district to which Burdeaux was directed, granted Royal Caribbean's motion, and entered judgment against Burdeaux.  *Burdeaux v. Royal Caribbean Cruises, Ltd.*, No. 11-22798-CIV, 2012 WL 3202948, at \*7 (S.D. Fla. 2012)).

On appeal, Burdeaux argues that the district court, in determining whether Royal Caribbean had a duty to warn passengers of potential dangers ashore, erroneously focused its inquiry on evidence of sexual assault and rape in the recommended shopping district, and disregarded evidence of violent crime generally and of sex crimes that occurred outside of the shopping district.  More generally, Burdeaux argues that a cruise line's duty to warn is not limited to warning of a specific risk of particular crimes or specified dangers in certain specific locations.  Burdeaux also argues that even if the district court properly considered only evidence of sexual assault and rape in the shopping district, there

2

was sufficient evidence of sexual assault and rape in that area to create a genuine issue of material fact about whether Royal Caribbean had actual or constructive knowledge of such risks sufficient to trigger its duty to warn of such dangers. We find that both arguments fail and therefore uphold the district court's grant of summary judgment.

## I.  BACKGROUND

Plaintiff-appellant, Brittany Burdeaux, was a passenger on board the Royal Caribbean Cruise Line's vessel, the Oasis of the Seas, in August of 2010. When the Oasis of the Seas arrived in Cozumel, Mexico, on August 26, 2010, Burdeaux left the ship, visited the beach, took a taxi to a restaurant, and then went shopping on her own. The shopping area she initially visited was one depicted on a shopping map provided by the cruise line and provided to her before she disembarked. Certain "guaranteed and recommended shops" were marked on the map with a number and corresponding description that listed the name of the shop and the merchandise sold. Royal Caribbean derives revenue from passengers who purchase items from the stores designated on the map in the particular shopping area.

While shopping inside the area depicted on Royal Caribbean's map, Ms. Burdeaux came across a jewelry cart that had several items for sale. The jewelry cart was not identified on the map, and the map did not mention or

3

recommend any jewelry carts.  The salesman operating the jewelry cart told Burdeaux that he had other jewelry for sale in his nearby store.  Burdeaux then left the designated shopping area with the man and followed him to a store.  This store was not named on Royal Caribbean's map and was not one of its "recommended and guaranteed" stores.  While Burdeaux was looking at jewelry in this store, the man she had met at the jewelry cart pushed her down a hallway into a restroom and then forced her to perform oral sex on him.  Four more unidentified men entered the restroom and forced her to have oral and vaginal sex with them at knife point.

Ms. Burdeaux filed a complaint in federal court against Royal Caribbean for negligently failing to warn her of the risk of being sexually assaulted in Cozumel.  She also alleged that Royal Caribbean failed to adequately investigate and/or monitor businesses located in the area where Royal Caribbean recommended or suggested passengers could safely go.

Following discovery, Royal Caribbean moved for summary judgment, arguing that there was no evidence that it had actual or constructive knowledge of a heightened risk for sexual assaults in the area where Ms. Burdeaux was assaulted and therefore had no duty to warn passengers of such dangers.  Burdeaux responded that there was evidence in the record in support of her assertions, that the issue of notice was a disputed issue of material fact, and that summary judgment therefore was not appropriate.

4

## II.  JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the district court granted summary judgment and entered final judgment in favor of appellee Royal Caribbean Cruises, Ltd.  The Court reviews a district court's grant of summary judgment *de novo*, applying the same legal standards as does the district court, viewing all the evidence and drawing all reasonable and factual inferences in favor of the non-moving party.  *See Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1307 (11th Cir. 2012); *Shriver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

## III.  DISCUSSION

We have held that a cruise line has a duty to warn its passengers "of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro v Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citing *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985)).  Burdeaux argues that the district court erred in confining the scope of Royal Caribbean's duty to warn narrowly in two ways: first, by considering only evidence specific to the exact type of crime that occurred, *i.e.*, evidence of sexual assault and rape, rather than of violent crime generally; and second, by considering only evidence specific to the location where Royal Caribbean passengers were specifically invited to visit, *i.e.*, the recommended

5

shopping district, rather than Cozumel generally. *See Burdeaux*, 2012 WL 3202948, at \*5 (considering evidence of "significant risk of rape or sexual assault . . . in the shopping district depicted on the map provided to Burdeaux by Royal Caribbean"). Appellant Royal Caribbean, by contrast, maintains that the duty to warn is a narrow one which extends only to known specific dangers in specific places. For two reasons, we do not have occasion to define the scope of the "known dangers" or of the "places where passengers are invited or reasonably expected to visit."

### A. In The District Court, Burdeaux Alleged A Narrow Duty To Warn Only Of Sexual Assault And Rape

First, in the district court proceedings, Burdeaux only alleged, both in her complaint and at summary judgment, that Royal Caribbean had a duty to warn passengers *specifically* of the risk of sexual assault and rape. Compl. ¶ 15(a)-(b), (g)-(l); Pl.'s Opp. to Def.'s Summary Judgment Mot. 3-5, 7-9, 13. In her complaint, she alleged that Royal Caribbean "failed to warn the Plaintiff and other passengers of the dangers of being sexually assaulted" in Cozumel, Compl. ¶ 15(a); failed to disclose prior problems of cruise line passengers being sexually assaulted, *id*. ¶ 15(b); and failed to warn passengers of prior incidents of passengers claiming they had been sexually assaulted or raped in port, *id*. ¶ 15(l); *see also id*. ¶¶ 15(g), (h), (i), (j), (k). On summary judgment, Burdeaux herself

6

framed Royal Caribbean's duty to warn narrowly, arguing that "ample record evidence supports Brittany Burdeaux's position that [Royal Caribbean] knew or should have known of *a specific risk of rape or sexual assault* in Cozumel, which triggered [Royal Caribbean]'s duty to warn Burdeaux of such dangers."  Pl.'s Opp. to Def.'s Summary Judgment Mot. 1.  Indeed, she clarified that her claims were "*narrowly centered around rape and/or sexual assault* in Cozumel, Mexico and more specifically to the subject shopping area recommended by [Royal Caribbean]," and that the "*the alleged failure to warn is specific to the danger that caused the harm alleged herein (sexual assault)*."  Pl.'s Opp. to Def.'s Summary Judgment Mot. 5.

It is only on appeal that she asserts that Royal Caribbean should have warned her more generally of the danger of violent crime in Cozumel.  But this is not what she alleged in her complaint or argued in the district court.  In light of Burdeaux's allegations and arguments in the district court, it properly confined its analysis to whether Burdeaux had submitted sufficient evidence as to whether Royal Caribbean was on actual or constructive notice of a heightened risk of rape or sexual assault.

*B.  Burdeaux Did Not Submit Adequate Evidence To Create A Genuine Factual Dispute, Even Assuming Royal Caribbean Had A Duty To Warn Of Dangers Outside Of The Recommended Shopping District*

Second, although Burdeaux argues that the district court improperly defined Royal Caribbean's duty to warn as confined to dangers "in the Cozumel downtown shopping area," rather than to dangers in Cozumel more generally, *see Burdeaux*, 2012 WL 3202948, at *6, as alleged in Burdeaux's complaint, Compl. ¶¶ 15(a)-(b), (e), this distinction is immaterial here.  Assuming arguendo that Royal Caribbean had a duty to warn passengers of risks likely to arise outside of the recommended shopping district, there was not adequate evidence to support an inference that Royal Caribbean had actual or constructive notice of a heightened risk of sexual assault or rape in Cozumel as a whole.

The evidence upon which Burdeaux relied both before the district court and on appeal consisted of:  (1) two travel warnings from the U.S. State Department that were in effect at the time; (2) an affidavit from a former Royal Caribbean crew member who said it was well known among crew members that violent crimes occurred in the shopping district in downtown Cozumel and that female crew members would not travel alone when they went ashore; (3) an affidavit from a prior resident of Cozumel who cited newspaper articles about violence – particularly drug-related violence – in and around the downtown shopping area in Cozumel; and (4) crime statistics that Burdeaux said were readily available and

8

which evidenced an escalated risk of sexual assault or violent crime in Cozumel. The district court concluded that none of this evidence created genuine issues of material fact precluding summary judgment, *Burdeaux*, 2012 WL 3202948, at *6, and we agree.

There were two arguably relevant State Department warnings that had been promulgated in advance of the incident. Although one is headed "Cancun, Playa del Carmen and Cozumel," in fact it mentions the risk of violent crime, including rape, only in Cancun; and it advises that such crimes "commonly but not exclusively occur at night or in the early morning hours." It says nothing about rape or other sexual assaults in Cozumel generally, in Cozumel in the daytime hours, or in the particular shopping area that Burdeaux visited. The only warning it provides as to Cozumel is that "several drownings and near-drownings have been reported."

The second State Department warning on which Burdeaux relies does not mention Cozumel at all; it is captioned "Crime in Cancun, Acapulco, and Other Resort Areas." It states: "Rape and sexual assault continue to be serious problems in Cancun and other resort areas." Based on the cryptic reference to "other resort areas," Burdeaux argues that Royal Caribbean was on sufficient notice of rape and sexual assaults in Cozumel to trigger an obligation to place the following warning on the shopping map given to Ms. Burdeaux: "According to the U.S. State

9

Department, Rape and Sexual Assault continue to be serious problems in Cancun and other resort areas, such as Cozumel."

We conclude that neither of these State Department warnings creates a genuine issue of material fact regarding Royal Caribbean's knowledge of sexual assaults or rape in Cozumel. The first warning references Cozumel in the heading but focuses its discussion of violent crime exclusively on Cancun, and mentions only a risk of drowning in Cozumel. The second warning is more general and focuses on Cancun and Acapulco with a vague and unspecified reference to "other resort areas," but never mentions Cozumel at all.

Burdeaux next relies on two affidavits: one from a former Royal Caribbean crew member, Richard Alexander, and the other from a former Cozumel resident, Sherri Davis. Alexander's affidavit refers to violent crimes – mostly drug-related – in Cozumel generally and in the downtown shopping district. It says nothing about rape or sexual assault. Davis, too, refers mostly to drug-related violent crimes and not sexual assaults. Most of her "knowledge" comes from articles she remembers seeing in local newspapers. The only personal knowledge she has relates to one friend who was sexually assaulted in 2007. Davis then states: "Although I do not personally know any other victims, I have read of other instances of sexual assaults and violent crimes in Cozumel in publicly available newspapers between 2007 and 2010."

10

The Alexander and Davis affidavits speak to the rising crime rate and largely drug-related violence in Cozumel – not to the prevalence of sexual assaults and rape that is the gravamen of Burdeaux's complaint.  Furthermore, virtually all of the assertions in Davis' affidavit are based on her reading of newspapers while a resident of Cozumel.  Her only personal knowledge is that one friend – presumably a Cozumel resident, not a cruise line passenger – was sexually assaulted and violently attacked in Cozumel in November 2007, nearly three years before the attack on Ms. Burdeaux.  Neither affidavit creates a genuine issue of material fact regarding Royal Caribbean's actual or constructive knowledge of the dangers of sexual assaults or rape in Cozumel.[1]

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment for Royal Caribbean Cruises, Ltd.

**AFFIRMED.**

---

[1] Burdeaux also provides crime statistics indicating that the rate of reported sexual assault in Quintana Roo, the state in which Cozumel is located, is significantly above the Mexican national average of 14 reported instances per 100,000 inhabitants.  By way of reference, the statistics report that the national average in the United States is 30 instances per 100,000 inhabitants.  Not only is the statistical report unverified, and much of it is in Spanish, the report does not appear to support Burdeaux's argument, as the statistics indicate that the vast majority of sex crimes in Quintana Roo occur *outside* of Cozumel.