[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12478

Non-Argument Calendar

_____

LOLA M. SMITH,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:20-cv-00333-RAH-SRW

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Lola Smith, a pro se plaintiff, alleged that the U.S. Army forced her into early retirement, rather than accommodate her medical need for a job with less time spent at the computer. But she did not contact the Equal Employment Opportunity Commission about the Army's decision until almost five months later. Due to that delay, the district court dismissed her complaint. We agree and affirm.

In Smith's account, she was working as a civilian employee in the U.S. Army Medical Command when, late in the spring of 2012, she began experiencing health problems. She decided to seek early retirement under the federal government's Voluntary Early Retirement Authority, but withdrew her application when she learned that she would not receive an incentive payment for retiring early. But her health problems did not subside. In June 2012 her central retinal vein became occluded, and she went on sick leave until August 1, 2012. She also requested and took additional leave under the Family Medical Leave Act—leave that the Army eventually approved retroactively.

While Smith was on leave, and without her knowledge, the Army filed and then approved an early retirement application on her behalf. She wanted to keep her job, though, so she withdrew the application on August 10 and returned to work on August 15.

But she continued to struggle. After her first day at work using the computer, her eyes hurt so much that she called in sick the next day. She continued to experience health problems over the next month, and on September 19, applied again for early retirement.

That day the Army told her that, if she could be off the payroll by September 30, her earlier approval would carry over to the new application. Seven days later, however, she withdrew this application too. She noted that she had considered accepting early retirement for medical reasons, but had concluded that retiring would not be "best for [her] family financially." She also asked for a job that did not involve looking at computers all day. The Army said no such job was available. It also denied her request to withdraw her early retirement application on the ground that she had signed a document saying that she would not withdraw. Her early retirement began on September 30, 2012.

Several months later—in February 2013—she contacted the Equal Employment Opportunity Commission, alleging that the Army had engaged in disability discrimination against her. After seven years of proceedings in several agencies, the EEOC gave Smith a letter affording her a right to sue.

Smith then filed a pro se suit against the Secretary of the Department of the Army in federal district court. But the district court soon dismissed that suit, concluding that Smith had not contacted the EEOC in time, and thus had failed to timely exhaust her administrative remedies. This appeal followed.

We review the dismissal of a complaint de novo, accepting any factual allegations in it as true and construing them in the plaintiff's favor. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019). Where, as here, the complaint is pro se, we construe those allegations liberally. *Mitchell v. Peoples*, 10 F.4th 1226, 1229 (11th Cir. 2021). We can also consider a document attached to a motion to dismiss when the document is undisputed and central to a plaintiff's claim. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Under a liberal construction of Smith's complaint, we treat her claim against the Secretary as one under the Rehabilitation Act,[1] which "prohibits federal agencies from discriminating in employment against individuals with disabilities." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *see* 29 U.S.C. § 794(a). To bring such a claim, a plaintiff must begin administrative review of the alleged discriminatory conduct with the relevant agency— here, the EEOC—"within 45 days of the alleged discriminatory act." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008); *see* 29 C.F.R. § 1614.105(a)(1). Beyond that time, the claim usually "is barred for failure to exhaust administrative remedies." *Shiver*, 549 F.3d at 1344.

---

[1] Smith checked a box stating that she brought her claim under the Americans with Disabilities Act, but that Act does not cover discrimination claims against the federal government. *See* 42 U.S.C. § 12111(5)(B)(i).

If the "discriminatory act results in a personnel action," like the forced retirement here, the clock starts ticking on that action's effective date. *Id.* That date was September 30, 2012, which occurred much more than 45 days before Smith contacted the EEOC in February 2013.

Smith notes that this deadline can be extended if "she did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2). But she knew of both alleged discriminatory actions—the refusal to accommodate her request for a job with less screen time and the forced retirement—when they occurred. True, she asserts that she did not realize those actions were discriminatory until the end of January 2013, when she was denied Social Security Disability Insurance. Only then, she says, did she begin to research her other legal rights—such as her possible eligibility for disability retirement. Yet her failure to investigate her legal options sooner does not mean that she did not know that the Army had forced her into retirement or failed to accommodate her alleged disability. We therefore have no reason to excuse her failure to contact the EEOC within its 45-day time limit.

The district court's dismissal is **AFFIRMED**.