[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2012
JOHN LEY
CLERK

No. 11-10861

D.C. Docket No. 5:08-cv-00242-HL

ADONIS B. WHITBY,

                                        Plaintiff-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Georgia

(June 28, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and RESTANI,[*] Judge.

_____

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

RESTANI, Judge:

In July 2008, Mr. Adonis Whitby ("Whitby") filed a complaint against his former employer, Janet Napolitano, Secretary of the U.S. Department of Homeland Security ("the Government"), who is the head of Whitby's former employing agency, the Transportation Security Agency ("TSA"). Whitby alleged that during his employment as a Supervisory Transportation Security Officer, the TSA discriminated against him on multiple occasions on the basis of race, color, age, and disability and retaliated against him for engaging in protected activity. Whitby alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1), the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, and the Rehabilitation Act of 1973, 29 U.S.C. § 791.

On appeal, Whitby argues that the district court erred in (1) dismissing his Title VII claims as preempted by the Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. § 44935; (2) dismissing two of his Title VII claims for failure to exhaust administrative remedies; (3) granting summary judgment on his Title VII discrimination and retaliation claims, and; (4) granting summary

judgment on his Title VII hostile work environment claim.[1]  We affirm the district court but, as to some claims, on its alternate grounds.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the appellant.  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).  We review de novo a district court's grant of summary judgment.  Rojas v. Fla. Dep't of Bus. & Prof'l Regulations, 285 F.3d 1339, 1341 (11th Cir. 2002).  A court shall grant summary judgment when the evidence before it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

---

[1]  Whitby does not challenge on appeal the dismissal of his ADEA, ADA, WPA, or Rehabilitation Act claims.  Whitby also does not challenge the district court's denial of his motion to compel or the denial of his motion for sanctions and default judgment.  These issues are deemed abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed on appeal are abandoned).

## DISCUSSION

### I. ATSA Preemption

Whitby argues that the ATSA does not preempt his Title VII claims because the ATSA does not permit the TSA to make employment decisions that discriminate based on race, color, sex, or age. Whitby also argues that the TSA should be bound by its voluntary commitment to comply with Title VII. On appeal, the Government has made a litigation concession that the ATSA does not preempt Whitby's Title VII claims.

Thus, for purposes of this case, we assume, based on the Government's litigation concession, that the ATSA does not preempt Whitby's Title VII claims, and we do not address the district court's dismissal of Whitby's Title VII claims on preemption grounds. Rather, we affirm the district court's grant of summary judgment for the Government on these same claims.

### II. Failure to Exhaust Administrative Remedies

Whitby argues the court should excuse his failure to exhaust administrative remedies with respect to the April 2005 letter of reprimand and the September 2005 denial of overtime pay because the purpose of the exhaustion requirement has been served and the Government has not been prejudiced. Whitby agrees he failed to exhaust his administrative remedies for these two incidents by timely

4

contacting the Equal Employment Opportunity Commission ("EEOC"), but argues a procedural technicality should not bar his claim when the government had notice and investigated the claims.

In order to bring a Title VII claim, a plaintiff must exhaust his administrative remedies. See 42 U.S.C. § 2000e-16(c); Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008) ("Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies."). An employee must initiate contact with an EEOC Counselor within forty-five days of the discriminatory or personnel action. 29 C.F.R. § 1614.105(a)(1). The deadline may be extended if the employee was not notified or otherwise aware of the deadline, did not know the personnel action had occurred, or despite due diligence, was prevented from contacting the counselor within the deadline. See id. § 1614.105(a)(2). Whitby did not make such a request.

Whitby's failure to exhaust administrative remedies is not excused. Investigation of alleged discrimination does not prevent the Government from later asserting a failure to exhaust administrative remedies defense. Obviously, the opposite rule would discourage agencies from fully investigating claims of discrimination. Thus, the district court did not err in dismissing Whitby's Title

5

VII claims based on the April 2005 letter and the September 2005 denial of overtime pay.

## III.  Title VII Discrimination and Retaliation

Whitby argues that the district court erred by granting summary judgment on his remaining Title VII discrimination and retaliation claims.  Specifically, Whitby argues that the Government discriminated and retaliated against him based on the following: (1) the November 2005 issuance of a letter of guidance for not reading e-mails; (2) the November 2005 rescission of an approved overtime request; (3) the October 2006 failure to appoint to the Bomb Appraisal Officer position; (4) the March 2007 issuance of a letter of counseling for not reading e-mails, and; (5) the 2007 removal of Whitby from his supervisory position and his ultimate termination.[2]  Whitby's claims lack merit.

Title VII discrimination and retaliation claims based on circumstantial evidence are analyzed under the burden-shifting framework of <u>McDonnell</u>

---

[2] Whitby's Title VII claims originally included additional instances of alleged retaliation and discrimination: (1) the October 2005 proposed schedule change; (2) the September 2006 refusal to pay Whitby for time spent bidding on shifts, and; (3) the October 2006 delayed reimbursement for attending a work-related class.  Whitby has not briefed these claims on appeal and, therefore, they are deemed abandoned.  See Timson, 518 F.3d at 874.

Douglas Corp. v. Green. 411 U.S. 792, 802–03 (1973).[3] If a plaintiff successfully makes a prima facie case of discrimination or retaliation, the burden shifts to the employer to provide a legitimate, non-discriminatory, or non-retaliatory reason for the adverse employment action. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010). The plaintiff then bears the ultimate burden to produce evidence showing that the employer's reasons for the adverse action are a pretext for discrimination or retaliation. Id. Plaintiff can demonstrate pretext by showing that the employer's "proffered reason was not the true reason for the employment decision." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). Plaintiff can show this "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. Here, the Government has provided legitimate, non-discriminatory, and non-retaliatory reasons for each of its actions and Whitby has failed to produce sufficient evidence to raise a genuine issue of material fact as to whether the

---

[3] The McDonnell Douglas framework applies in the same way to both discrimination and retaliation claims based on circumstantial evidence. See, e.g., Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263–64 (11th Cir. 2010) (applying McDonnell Douglas framework to a discrimination claim); Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008) (applying McDonnell Douglas framework to a retaliation claim).

proffered explanations are pretextual.[4]

On November 1, 2005, Security Manager Raymond Dotson ("Dotson") issued Whitby an informal letter of guidance after Whitby deleted more than twenty work e-mails without opening them. Whitby admits that he did not open the e-mails. The Government has a clear interest in having its employees open and read work-related e-mails.[5] Whitby has presented no evidence that Dotson knew of other employees who did not open e-mails and therefore, cannot show that Dotson treated similarly situated employees differently. Thus, Whitby has not proffered evidence that the Government's reasons for issuing the letter of guidance are pretextual.

On November 29, 2005, Dotson rescinded approval of Whitby's request for overtime for working on his scheduled day off. Previously, Security Manager Larry Lee had granted the request. The Government's general practice is not to grant overtime to supervisors who work on their scheduled day off unless there is an operational need for overtime work. Whitby has failed to present evidence that

---

[4] We assume, without deciding, that a genuine dispute exists as to whether Whitby can establish a prima facie case for discrimination and retaliation and we proceed to determine whether the Government's proffered reasons for its actions are pretextual.

[5] Whitby explained that he was able to read e-mails without opening them by viewing the emails on a "split screen." Nevertheless, Whitby provides no evidence that Dotson was aware of this practice.

there was an operational need for overtime work on November 29. Although Whitby alleges that other supervisors were allowed to work overtime on days without an operational need for overtime work, he fails to provide evidence that there was in fact no operational need on those days. Thus, Whitby has failed to proffer evidence that the Government's reasons for denying him overtime are pretextual.

In October 2006, Whitby was not promoted to a Bomb Appraisal Officer position. Whitby obtained a failing score in each section of the structured interview assessment. Whitby argues that the interviews were not mandatory and therefore cannot justify the Government's action. Nevertheless, Whitby provides no evidence that his failing scores were contrived in an effort to deny him the position or that other candidates did not have to go through the same interview process. Thus, Whitby has failed to show that the Government's reason is pretextual.

On March 13, 2007, Security Manager Michael Mann issued Whitby a letter of counseling for failure to read e-mails. Many e-mails were not received because Whitby allowed his mailbox to become full. The Government has a clear interest in having its employees receive and read work-related e-mails. Whitby admits that he allowed his mailbox to become full. Thus, Whitby has failed to show that the

9

Government's reason for issuing the letter is pretextual.

On March 29, 2007, Whitby was removed from his supervisory duties and in December 2007 his employment was terminated. Earlier, Whitby had given all of his screening officers the highest rating possible on their performance evaluations. When pressed to reconsider these uniformly high evaluations, Whitby refused. Moreover, Whitby refused to reprimand a tardy subordinate when directed to do so by his superiors. The Government investigated this behavior, during which time Whitby's supervisory duties were removed. In October 2007, the Government issued a proposed notice of termination based on Whitby's failure to change the evaluations, his refusal to reprimand the tardy screening officer, and his failure to read e-mails in a timely manner. Whitby's position was terminated in December 2007 for these reasons. Whitby has not proffered evidence that the Government's reasons for his removal and termination are pretextual.

The Government has offered legitimate, nondiscriminatory, and non-retaliatory reasons for each of its employment decisions. Whitby has not demonstrated that a discriminatory reason motivated the Government nor that its reasons are "unworthy of credence." See Burdine, 450 U.S. at 256. We therefore affirm the district court's grant of summary judgment on Whitby's Title VII

discrimination and retaliation claims.

## IV. Title VII Hostile Work Environment

Whitby argues that the district court erred in granting summary judgment to the Government on Whitby's hostile work environment claim because his supervisors directed racist and ageist comments towards him over a span of two years. This claim lacks merit because Whitby's allegations do not amount to harassment that was severe or pervasive enough to alter the terms and conditions of employment and create an abusive work environment.

In order to establish a prima facie case for a hostile work environment claim under Title VII, an employee must show: (1) the employee belongs to a protected group; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was severe or pervasive enough to alter the terms and conditions of employment and create a discriminatorily abusive work environment, and; (5) there is a basis for holding the employer liable. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002); see also 42 U.S.C. § 2000e-2(a)(1).

At a minimum, Whitby has failed to establish the fourth element, that the harassment was severe or pervasive enough to alter the terms and conditions of his employment and create a discriminatorily abusive work environment. To alter the

11

terms of employment, the discrimination must be both objectively and subjectively hostile. Harris v. Forklift Syss. Inc., 510 U.S. 17, 21–22 (1993). To determine whether a work environment is objectively hostile, the court looks to the totality of the circumstances, including the severity and pervasiveness of the acts, use of physical threats, and whether the discriminatory acts unreasonably interfered with the employee's ability to perform his job. See id. at 23. Isolated incidents that are not extremely serious are not sufficiently severe or pervasive. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (citing Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 80 (1998)) (Title VII is not a "general civility code").

Whitby argues that his supervisor and manager directed racial and age insults towards him. Whitby alleges that his manager, Dotson, remarked that Whitby's gray hair should be dyed. Whitby also alleges that his supervisor, Bahli Mullins ("Mullins"), referred to Whitby periodically over the course of two years as "Frederick Douglass" and advised Whitby to cut his hair.

Dotson's comment that Whitby should dye his hair was not sufficiently severe and pervasive because it was an isolated incident. See Faragher, 524 U.S. at 788 (explaining that an isolated comment, unless it is extremely severe, does not constitute a discriminatory change in employment conditions). Whitby remembers no other offensive comments made by Dotson. Mullins' comments, when viewed

12

objectively, were also not sufficiently severe to alter the terms of Whitby's employment. Additionally, none of the statements by Dotson or Mullins were physically threatening.

Moreover, the remarks by Dotson and Mullins did not unreasonably affect Whitby's ability to do his job and therefore, are insufficient to affect the terms of his employment. See Harris, 510 U.S. at 21–22. Whitby states that although the statements made him not want to work with these supervisors, the statements did not affect his job performance in any other way. Whitby continued to do his job for several years after the comments were made, and ultimately he was terminated for other reasons by other superiors.

Thus, the comments made by Dotson and Mullins do not reach the level of severity or pervasiveness necessary to alter the terms and conditions of employment. The district court's grant of summary judgment on Whitby's hostile work environment claim is affirmed.

## CONCLUSION

For the foregoing reasons, the district court's dismissal of the Title VII claims based on the April 2005 letter of reprimand and September 2005 denial of overtime for failure to exhaust administrative remedies is affirmed. The district court's grant of summary judgment for the Government on the Title VII discrimination, retaliation, and hostile work environment claims is affirmed.

**AFFIRMED**.