[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11468
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-02544-JOF


ANTHONY SCHMIDT,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 11, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Schmidt appeals the district court's grant of summary judgment on his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Schmidt contends that the district court erred in granting the City of Atlanta's motion for summary judgment because he had established a prima facie case of retaliation.

I.

Schmidt began working for the City in January 2007 as a Senior Safety and Training Officer in the Department of Watershed Management's Office of Safety and Security. He was promoted to Principal Safety and Training Officer in February 2008, and in that role, he also took on the special project of building a safety and security database related to the Watershed Department's work.

For reasons not relevant to this appeal, in May 2010 Schmidt filed a discrimination claim against the City with the Equal Employment Opportunity Commission, alleging racial discrimination. One year later, in May of 2011, he filed a grievance, this time through his union, in response to a formal reprimand he had received for using foul and offensive language toward a supervisor. That same month, the City hired Jo Ann Macrina to be the Watershed Department's new Commissioner. As Commissioner, Macrina oversaw the entire Watershed Department and sought to restructure it to improve its efficiency. As part of her

2

restructuring efforts, Macrina ultimately let go three Watershed Department employees, one of whom was Schmidt.

Before Schmidt's employment was terminated on September 14, 2011, Macrina had two interactions with him. First, she personally met with him in June of 2011 to talk about the safety and security database that he had been working on, a meeting that led her to conclude that neither Schmidt nor his database would fit into her restructuring plans. Second, on July 15, 2011, she responded by letter to Schmidt's May 2011 grievance. In that letter, she rejected Schmidt's allegation that the reprimand he had received was somehow a form of retaliation for his 2010 EEOC claim.

Schmidt later sued the City under 42 U.S.C. § 2000e-3(a), alleging that he had been terminated in retaliation for his 2010 EEOC claim. The district court granted summary judgment to the City, finding that Schmidt had not established a prima facie case of retaliation because he had not shown a causal link between his EEOC claim and his firing. This is Schmidt's appeal.

## II.

We review de novo a district court's grant of summary judgment, viewing all of the facts in the record in the light most favorable to the non-moving party. Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and

3

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Speculation does not create a genuine issue of material fact." Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation marks and emphasis omitted).

To establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a), a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal relation between the events. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). A plaintiff may establish a causal connection by demonstrating that the protected activity and the employer's adverse action "are not completely unrelated." Id. at 1266. One way the plaintiff can demonstrate that the events are "not completely unrelated" is by showing a close temporal proximity between the employer's discovery of the protected activity and the adverse action against the plaintiff. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004). But temporal proximity, without more, must be "very close." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (quotation marks omitted). A three to four-month gap between a protected activity and the adverse action is too long to show a causal connection, while a one-month gap can suffice to show a link. Thomas, 506 F.3d at 1364; Higdon, 393 F.3d at 1220.

Here Schmidt has not established when Macrina learned of his EEOC claim. He speculates, however, that Macrina discovered the EEOC claim on July 15,

4

2011, when she sent the letter rejecting the allegation that he had been reprimanded in retaliation for that claim. The July 15 letter came only seven weeks before Schmidt's September 14, 2011 firing, and based on that temporal proximity, Schmidt contends that there is a causal link between the two events. We disagree. While Macrina's letter demonstrates that she was aware of Schmidt's EEOC claim by July 15, the letter does not indicate that she learned about the claim only then. Macrina may have learned of Schmidt's EEOC claim in May 2011 on the date she was hired. She may have looked into the claim in June 2011 when preparing a response to Schmidt's grievance. Whatever the case may be, the record does not indicate that Macrina did not learn of the EEOC claim until July 15, and we will not speculate that was when she did. See Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir. 1997) (requiring more than evidence of "mere curious timing coupled with speculative theories" to show when a defendant became aware of a plaintiff's protected expression); Shiver, 549 F.3d at 1343.

Schmidt asserts that certain circumstantial evidence also supports a causal connection between his EEOC claim and his firing. While circumstantial evidence can be used to show a causal connection between events, Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993), the circumstances here do not indicate that Schmidt's EEOC claim and his firing were causally linked. Thus,

5

temporal proximity is the only evidence that Schmidt has for causation, and under the facts of this case, it is not enough to create a genuine issue of material fact.

In conclusion, Schmidt has not demonstrated that his firing and his EEOC claim are causally connected or that a genuine dispute of material fact exists with respect to that causal link.  Because Schmidt has not established a prima facie case for retaliation, the district court properly granted summary judgment to the City on Schmidt's claim.

**AFFIRMED.**