[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14507
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-00043-WLS

JOHNNY LEE LITMAN,

Plaintiff-Appellant,

versus

SECRETARY, OF THE NAVY,
JOSIE DRISTY,
Department of the Navy, Acquisition & Integrity Office,
in her individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 18, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Johnny Litman appeals the district court's dismissal of his complaint in his discrimination, retaliation, and hostile working environment suit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Rehabilitation Act, 29 U.S.C. § 791.  Litman raises several issues on appeal, which we address in turn.  After review,[1] we affirm the district court.

## I.  PROCEDURAL BACKGROUND

Litman is a licensed attorney who is proceeding *pro se*[2] against the Secretary of the Navy and Josie Dristy, the director of the Navy's Office of Acquisition and Integrity (Defendants).  Litman filed his first complaint on March 20, 2013, which the district court explained contained "71 paragraphs encompassing 22 pages and five counts, with each count incorporating by reference all preceding paragraphs and all 51 paragraphs of factual allegations."  The district court granted Defendants' Motion for a More Definite Statement, holding Litman's complaint

---

[1]  We review *de novo* the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We review the district court's conclusions regarding equitable relief for clear error.  *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 660 (11th Cir. 1993).

We review a district court's decision on a motion for judgment on the pleadings *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Hart v. Hodges*, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to make a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that merely provides "a formulaic recitation of the elements of a cause of action" is inadequate.  *Id.*

[2]  Licensed attorneys are not accorded the liberal construction normally given to *pro se* litigants.  *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977).

was a "quintessential shotgun pleading requiring a more definite statement." The Court then ordered Litman to submit an Amended Complaint setting forth: (1) which cause or causes of action are asserted against each Defendant; (2) what factual allegations form the basis of each claim against each Defendant; and (3) the legal theory upon which he asserts liability against each Defendant, in line with the factual allegations.

On November 12, 2013, Litman filed an amended complaint that was almost identical to his first complaint. With a few slight changes, the amended complaint retained the form and structure the district court earlier described as a shotgun pleading. His amended complaint prompted Defendants to again move for a more definite statement, or, in the alternative, for dismissal. Rather than responding to the Defendants' motion, Litman filed, without the district court's leave or Defendants' consent, a second amended complaint that again could be described as a shotgun pleading. On February 21, 2014, the district court granted Dristy's Motion to Dismiss Litman's claims against her in her individual capacity. The district court also ordered Litman to submit a third amended complaint. Litman submitted a third amended complaint on March 7, 2014. His third amended complaint was substantially the same as his second amended complaint except that Litman added headings for each count, dividing his factual allegations up by count. He also added a paragraph at the end of each count stating that Defendants' alleged

3

conduct violated the statute or statutes that provided the basis for the count. Litman also added factual allegations to Count Four under the ADEA and Count Five under the Rehabilitation Act.

Defendants moved to dismiss Litman's third amended complaint for failure to state a claim upon which relief could be granted. The district court granted the motion in part. It dismissed Litman's claim of racial discrimination under Title VII because Litman failed to allege in that count that similarly situated employees outside his protected class were treated more favorably. It also dismissed Litman's claim of retaliation under Title VII and the ADEA because Litman failed to allege any materially adverse action during or after protected activity or any causal connection between the protected activity and any materially adverse action. It dismissed the ADEA and Rehabilitation Act portions of Litman's hostile work environment claim for two reasons, because (1) Litman failed to allege in that count a qualifying age covered by the ADEA or a sufficient disability covered by the Rehabilitation Act, and (2) Litman failed to allege any harassment based on his age or disability. Finally, it dismissed Litman's Rehabilitation Act claim because Litman failed to plead facts plausibly suggesting that he was disabled.

The district court did not permit Litman another opportunity to amend his complaint, finding such an amendment would be futile. Litman's Title VII race-based portion of his hostile work environment claim and his ADEA age

4

discrimination claim survived the motion to dismiss.  Defendants moved for judgment on the pleadings, arguing Litman failed to timely exhaust his administrative remedies as to those claims.  The district court granted the Defendants' motion concluding Litman either pursued administrative remedies too late or not at all.  Thus, it dismissed the rest of Litman's complaint on that basis.

## II.  DISCUSSION

### A.  Title VII Race Discrimination

Litman asserts the district court erred by dismissing his racial discrimination claims.  He asserts he sufficiently pled facts demonstrating that equitable tolling was warranted or that he should be able to amend his complaint a fourth time.

In order to establish a *prima facie* case of disparate treatment on the basis of race under Title VII, a plaintiff must show he (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) similarly situated employees outside of his protected class were treated more favorably or that he was replaced by someone outside of his protected class.  *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 842 (11th Cir. 2000).

The district court did not err in determining that Litman failed to adequately allege similarly situated employees outside of his protected class were treated more favorably or that he was replaced by someone who was not African American.  Litman did not allege anywhere in Count One of his third amended complaint that

5

employees similarly situated to him were differently treated, and identified no comparator employees at all.  The fact that Litman was the only African-American employee does not plausibly lead to an inference that other employees there were similarly situated to him but differently treated.  Further, that Litman later alleged in Count Four that his office hired a younger white attorney to perform his duties does not matter.  The district court had warned Litman against filing a shotgun pleading and he continued to do so.  *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding quintessential shotgun pleading "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts . . . and is the type of complaint that we have criticized time and time again" (citation omitted)).

In any case, Litman also failed to exhaust his claim by failing to timely contact an EEOC counselor.  *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (explaining a federal employee is required to pursue and exhaust administrative remedies as a prerequisite to filing suit under Title VII).  Litman's Title VII discrimination claims rested on two alleged incidents, his suspension "on or about April 12, 2012," and the dissemination of a memorandum regarding his suspension, "on or about May 9, 2012."  However, the EEOC counselor's report noted that Litman's initial contact with the EEOC counselor was July 12, 2012, more than 45 days after May 9, 2012.  Thus, Litman's Title VII discrimination

claim was administratively unexhausted.  *See* 29 C.F.R. § 1614.105(a)(1) (providing a federal employee "must initiate contact with [an EEOC] Counselor within 45 days of the date of the matter alleged to be discriminatory, or . . . within 45 days of the effective date of the action" to exhaust his remedies).

Additionally, the district court did not clearly err by concluding Litman failed to demonstrate he warranted equitable tolling.  Even if he learned about the April 12 suspension "several weeks" later, his EEOC complaint would still have been over 45 days after the dissemination of the memorandum regarding his suspension on May 9.  While Litman alleged there was "much confusion" as to where and who would handle his initial EEOC complaint, that allegation, without more, does not demonstrate that Litman was diligent in his actions sufficient to warrant equitable tolling.  *See Villarreal v. R. J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (stating a party seeking equitable tolling must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").[3]

## B.  Title VII and ADEA Retaliation

Litman next contends the district court erred by dismissing his Title VII and ADEA retaliation claims.  To establish a *prima facie* case of retaliation under Title

---

[3] To the extent Litman argues he should be allowed to amend his complaint a fourth time to put forward his equitable tolling allegations, we will not consider this argument because he failed to make it before the district court.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

VII, a plaintiff must allege the following elements: (1) he participated in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse action. *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001). A plaintiff establishes a causal connection by proving that the protected activity and the negative employment action are not completely unrelated. *See Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994). The elements of a *prima facie* case for a retaliation claim are the same under both Title VII and the ADEA. *Weeks v. Harden Manufacturing Co.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

Litman argues he adequately pled retaliation because he experienced racist comments, received phone calls requesting a white attorney, and observed luncheons held by the "Sons of Confederacy." However, Litman failed to include those factual allegations in support of his retaliation claims in his complaint. Instead, he referred to them as part of his hostile work environment claims. As a licensed attorney, Litman's complaint was not due liberal constructions. *See Olivares*, 555 F.2d at 1194 n.1. In any event, those allegations would not have rendered his complaint sufficient, as Litman failed to connect any of his alleged harm to his "telephonic opposition" in any way. *See Meeks*, 15 F.3d at 1021. Thus, Litman failed to adequately plead Title VII or ADEA retaliation.

8

*C. Hostile Work Environment*

Litman also asserts the district court erred by dismissing his Title VII, ADEA, and Rehabilitation Act hostile work environment claims.

*1. ADEA and Rehabilitation Act*

To establish a *prima facie* case of a hostile work environment, an employee must prove he belongs to a protected group; he has been subject to unwelcome harassment; the harassment was based on a protected ground; the harassment was severe or pervasive enough to alter the terms and conditions of his employment; and his employer is responsible for the harassment under a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

The district court did not err by dismissing Litman's ADEA and Rehabilitation Act hostile work environment claims. Litman failed to allege that any harassment was connected to his age or an alleged disability. *See id.*

*2. Title VII*

Prior to filing a Title VII action, a plaintiff first must file a charge of discrimination with the EEOC. *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary

9

compliance and promoting conciliation efforts." *Id.* (quotations omitted). We have further noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but have cautioned that allegations of new acts of discrimination are inappropriate. *Id.* at 1279-80. In light of the purpose of the EEOC exhaustion requirement, a plaintiff's judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *Id.* at 1280. Courts are nonetheless extremely reluctant to allow procedural technicalities to bar claims brought under Title VII, as such, we have noted that the scope of an EEOC complaint should not be strictly interpreted. *Id.*

The district court did not err by dismissing Litman's Title VII hostile work environment claims as unexhausted. Litman's first EEOC complaint contained no mention of a hostile work environment claim or the alleged events which gave rise to one. Litman's second EEOC complaint did not specifically mention a hostile work environment claim, and only mentioned the removal of his nameplate as "retaliatory activity." Litman did not list the racist comments, mugshot incident, or phone calls in his second EEOC complaint. Though Litman did mention his hostile work environment claim in his final interview with the EEOC counselor, the counselor noted "[d]uring the initial interview and informal counseling aggrieved failed to mention Hostile Work Environment; however, wanted it

10

included in his Final Interview.  When aggrieved filed his formal complaint, he did

not include Hostile Work Environment."  Though this Court has cautioned against

strictly interpreting the scope of an EEOC complaint, Litman's failure to mention

his hostile work environment claim and the corresponding factual allegations

would otherwise preclude the EEOC from performing its role in obtaining

voluntary compliance and promoting conciliation efforts on that claim.  *See id.*

Litman's hostile work environment claim does not "amplify, clarify, or more

clearly focus" his nameplate allegation, as his EEOC complaint listed that

particular factual allegation as "retaliatory activity" as part of his retaliation claim.

As Litman's hostile work environment claim does not grow out of the claims he

alleged in his second EEOC complaint, the district court did not err in dismissing it

as unexhausted.  *See id.*

## D.  *Rehabilitation Act*

Further, Litman contends the district court erred by dismissing his

Rehabilitation Act discrimination claim.  The Rehabilitation Act prohibits federal

agencies from discriminating in employment against qualified individuals with

disabilities.  29 U.S.C. § 794(a); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir.

2005).  Private actions against federal government employers under the

Rehabilitation Act must satisfy the requirement of exhaustion of administrative

remedies in the manner prescribed by Title VII.  *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990).

The district court did not err by dismissing Litman's Rehabilitation Act discrimination claim.  Litman made no mention of his alleged disability or any disability discrimination in either of his EEOC complaints.  Notably, Litman did not check the "disability" discrimination box on either of the two forms, did not list any disability in the space provided, and did not discuss his disability or acts of discrimination related to a disability in the additional space provided.  Thus, his claim was unexhausted.

### III.  CONCLUSION

The district court did not err by dismissing Litman's (1) Title VII discrimination claim as he failed to adequately plead and timely exhaust his claim; (2) Title VII and ADEA retaliation claims because he failed to state plausible claims; (3) Title VII hostile work environment claim as he failed to exhaust his claim, and ADEA and Rehabilitation Act hostile work environment claims because he failed to state plausible claims; and (4) Rehabilitation Act discrimination claim because he failed to exhaust his claim.  Accordingly, we affirm the district court.[4]

**AFFIRMED.**

---

[4]  Additionally, though the district court noted in its judgment that the Secretary "shall also recover costs," no order was entered regarding costs, and thus, Litman's challenge to any costs awarded is premature.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 195 (2000).