[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-11478

Non-Argument Calendar

————————————————

ANGELA GILDER-LUCAS,

Plaintiff-Appellant,

*versus*

U.S. ATTORNEY GENERAL,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cv-00056-AW-MJF

————————————————

Before JILL PRYOR, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

When Angela Gilder-Lucas requested accommodations from her employer, the Bureau of Prisons, for worsening health conditions, it presented multiple new job opportunities within the Department of Justice and granted her medical leave. She did not find these responses adequate, however, so she filed an employment complaint and eventually a lawsuit, arguing that the Bureau had failed to offer reasonable accommodations and had retaliated against her for that request. The district court granted summary judgment to the attorney general, concluding that her claim based on the denial of her request for accommodation was time barred, the Bureau had tried to reasonably accommodate her requests, and she had not shown that the Bureau retaliated against her. We agree on each point, and therefore affirm.

## I.

Gilder-Lucas worked as supervisor of education at a federal prison in Tallahassee, Florida. In 2019, she was diagnosed with generalized anxiety disorder and adjustment disorder, which eventually caused her to experience significant stress due to her job. As a result, she requested an extended period of leave and reassignment to a vacant position at her "home institution" in Montgomery, Alabama.

The Bureau of Prisons determined that she was eligible for three weeks of leave under the Family and Medical Leave Act and

that, once that time expired, she could take four additional days of leave per month under the Act. The Bureau just asked that she inform it in advance what days she planned to use that leave each month. But once the initial three weeks were over, she failed to inform the Bureau of her intended leave days or to return to work, so she was placed on absent without leave status—better known as AWOL.

The Bureau kept trying to accommodate her, however. It forwarded her a job opening that met her pay and location criteria. Gilder-Lucas rejected the offer as "unacceptable." After she asked to expand the search nationwide, the Bureau tried again with another position—this time in Washington, D.C., at her current salary—but she did not answer before the deadline passed. When the Bureau gave her a revised offer for that job, she only responded with a "rebuttal," asking that its six-month in-person training requirement be reduced to one week per month.

Dissatisfied with the progress that had been made, Gilder-Lucas filed a complaint with the Bureau of Prisons' Equal Employment Opportunity Office in October 2021. Because she had not accepted the two jobs it offered, the Bureau ultimately denied her accommodation request in November 2021. She did not update her complaint to address this decision until January 25, 2022.

Still unhappy with these efforts, Gilder-Lucas sued the attorney general, bringing two claims. She alleged (1) disability discrimination under the Rehabilitation Act based on the Bureau of

Prisons' failure to provide reasonable accommodation and (2) retaliation that resulted from her request for such accommodation. The district court granted the attorney general's motion for summary judgment on both of her claims. This appeal followed.

## II.

We review the entry of summary judgment de novo. *Pesci v. Budz*, 935 F.3d 1159, 1165 (11th Cir. 2019). In doing so, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in her favor. *Id.*

## III.

Gilder-Lucas says that the district court erred thrice over. She says that she timely raised the denial of her reasonable accommodation request, demonstrated that the Bureau failed to accommodate that request, and presented enough evidence of retaliation. We disagree on each score.

To start, Gilder-Lucas cannot base any claim on the November denial of her accommodation request because she failed to exhaust her administrative remedies.[1] She did not raise that denial in any forum until January 25, 2022, so she exceeded the

---

[1] The record includes differing dates for when in November 2021 Gilder-Lucas's reasonable accommodation request was denied. But because Gilder-Lucas concedes that it occurred in November, it necessarily came at least forty-five days before her January 25, 2022, complaint amendment.

forty-five-day deadline for doing so.  29 C.F.R. § 1614.105(a)(1); *see also Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008).

Gilder-Lucas insists that this period was "inherently extended" by the Equal Employment Opportunity Commission's regulations, but she has not shown that she met any of the requirements for tolling the deadline under the provision she cites. *See* 29 C.F.R. § 1614.105(a)(2).  That regulation creates exceptions to the forty-five-day requirement where the employee was not notified of the time limit, was unaware of the allegedly discriminatory action, was prevented due to circumstances beyond her control from abiding by the deadline, or demonstrates "other reasons considered sufficient by the agency or the Commission." *Id.*  The denial letter informed Gilder-Lucas of the deadline, she has made no argument that she was reasonably unaware of the action or was unable to amend her complaint earlier, and she points to nothing else "considered sufficient by the agency or the Commission." *See id.*  Gilder-Lucas's argument that the December 20, 2021, affirmance of the November denial constituted a "continuing violation" that extended the deadline was not raised before the district court and is therefore forfeited.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Gilder-Lucas's reasonable-accommodation claim fares no better because she did not present evidence that the Bureau refused to offer such an accommodation.  *See Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017).  On the contrary, the Bureau tried, but Gilder-Lucas was not interested in the fruits of its efforts.  The

Bureau presented two new job options for her, but she rejected the first and let the deadline pass on the second. The federal law under which she brought this claim—the Rehabilitation Act—did not demand that the Bureau amend the requirements of a job to fit Gilder-Lucas's every wish. *See id.*; *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997). It offered reasonable accommodations, and she did not accept them.

Lastly, Gilder-Lucas failed to produce evidence of retaliation. *See Parris v. Miami Herald Publ'g Co.*, 216 F.3d 1298, 1301 (11th Cir. 2000). On appeal, she does not meaningfully discuss the November 2021 denial of her accommodation request, and it was time barred in any event. *See* 29 C.F.R. § 1614.105(a)(1); *Shiver*, 549 F.3d at 1344. What she does discuss—her placement on AWOL status beginning on August 6, 2021—gets her no further. Why? Coming just days less than three months after her May 10, 2021, reasonable-accommodation request, it was not temporally "very close" as required to infer causation. *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) (quotation omitted); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). And Gilder-Lucas does not present other circumstantial evidence sufficient to raise a reasonable inference of retaliatory intent. *See McCreight v. AuburnBank*, 117 F.4th 1322, 1337 (11th Cir. 2024). The Bureau put her on AWOL status because she exceeded her allotted leave and failed to inform the Bureau of which days she planned to be absent as required—she has produced no evidence indicating another motive.

The only direct evidence of causation that Gilder-Lucas puts forward does not move the needle either. She highlights the testimony of a human resources manager who, when asked whether Gilder-Lucas "was being retaliated against for engaging in protected" activity "when she was placed on AWOL status," responded that she was "sure that had something to do with it." Gilder-Lucas points to no testimony, and we can find none, demonstrating a factual basis that gave her personal knowledge of this alleged fact. Instead, the manager's phrasing—musing on what she was "sure" must have "had something to do with it"—supports the district court's conclusion that the testimony was inadmissible as groundless speculation. *See* Fed. R. Civ. P. 56(c)(2); *Anthony v. Georgia*, 69 F.4th 796, 804, 807 (11th Cir. 2023); *see also* Fed. R. Evid. 602.

\* \* \*

Because Gilder-Lucas has not presented admissible, timely evidence of retaliation or the denial of a reasonable-accommodation request, we **AFFIRM** the entry of summary judgment for the attorney general.